STATE OF NORTH CAROLINA, by and through the ALBEMARLE CHILD SUPPORT
ENFORCEMENT AGENCY, ex rel. SHERYL ANN GEORGE, mother and natural
guardian of Tiffany Nicole Bray, minor child, Plaintiff v. DONALD JEFFREY
BRAY, Defendant

No. COA97-314

(Filed 18 August 1998)

### 1. Child Support, Custody, and Visitation— child support— foreign order—jurisdiction

Although North Carolina did not have jurisdiction to modify an Indiana child support decree under the federal Full Faith and Credit for Child Support Orders Act, the North Carolina child support order did not modify the Indiana order because it referred back to the original Indiana decree in stating that the obligation lasted until the child turned eighteen "or as otherwise provided by the Indiana Decree."

### 2. Child Support, Custody, and Visitation— child support— foreign order—duration of obligation

A North Carolina modification of an Indiana child support decree was remanded for clarification of the duration of the obligation where the order stated that the obligation lasted until the child turned eighteen "or as otherwise provided by the Indiana Decree," the Indiana decree did not state when the obligation was to end, and defendant's duty of support continues under Indiana law until age twenty-one.

### 3. Child Support, Custody, and Visitation— child support— foreign order—defenses

The trial court erred by reducing a child support arrearage accumulated under an Indiana decree based on equitable defenses under North Carolina law. Reading N.C.G.S. § 52C-6-604(a) and N.C.G.S. § 52C-6-607(a)(5) together, N.C.G.S. § 52C-6-607(a)(5) allows defendant to assert defenses under North Carolina law to the enforcement procedures sought but does not allow defendant to assert equitable defenses under North Carolina law to the amount of arrears.

### 4. Child Support, Custody, and Visitation— child support— foreign order—reduction of arrearage

The trial court was not authorized by N.C.G.S. § 52C-3-305 to reduce the amount of arrears in an action to enforce an Indiana

child support decree. The responding courts are allowed only a ministerial function; the statute does not contemplate relitigation of issues determined in the order or interpretation of the order under the responding state's law.

**5. Child Support, Custody, and Visitation— child support— foreign order—statute of limitations**

The trial court erred in an action to enforce an Indiana child support decree by applying the North Carolina statute of limitations. Following both UIFSA and FFCCSOA, North Carolina courts must apply the longer statute of limitations of Indiana, which had not begun to run when this action was brought.

Appeal by plaintiff from order entered 13 November 1996 by Judge J. Carlton Cole in Gates County District Court. Heard in the Court of Appeals 29 October 1997.

*Attorney General Michael F. Easley, by Gerald K. Robbins, Assistant Attorney General, for plaintiff-appellant.*

*Gray & Lloyd, L.L.P., by Benita A. Lloyd, for defendant-appellee.*

LEWIS, Judge.

The Albemarle Child Support Enforcement Agency brought this action on behalf of Sheryl George, a resident of Indiana, to register and enforce an Indiana child support order in North Carolina. Plaintiff sought to enforce defendant's ongoing support obligation of $40 per week and to recover arrears of $22,560.

Plaintiff Sheryl George and defendant Donald Bray were married in 1975 and had one child, Tiffany Nicole Bray, on 12 January 1979. The parties separated in 1980 and the Marion County, Indiana Circuit Court entered a Decree of Dissolution of Marriage in 1981. The Decree of Dissolution incorporated by reference a separation agreement which included provisions for child support.

After the divorce Mrs. George married Brian Holmes. At her request, defendant executed a consent form in 1983 which allowed Mr. Holmes to adopt Tiffany. The adoption was never finalized. Defendant assumed that the adoption had been finalized, however, and thus stopped making child support payments a short time after he signed the consent form.

When Defendant saw Tiffany in 1985 and in 1989, she was using "Holmes" as her family name. In 1991, defendant sent money to Mrs. George because she was having financial trouble and was in the process of divorcing Mr. Holmes. In August of 1993, Tiffany began living with defendant and attending North Carolina schools. It was at that time that defendant first learned his daughter had not been adopted by Mr. Holmes. Mrs. George wrote a note to the Gates County school board indicating that, although Tiffany was using the name Holmes, the adoption had never been finalized. Tiffany lived with defendant, and defendant supported her, from August 1993 until August 1995.

On 1 March 1996, plaintiff initiated the present action. Plaintiff sought enforcement of defendant's ongoing child support obligation of $40 per week and of arrears of $22,560, dating as far back as 1981. This arrearage amount includes a credit of $600 for direct payments made by defendant to Mrs. George and a credit of $4,160 which represents the amount of child support that accrued during the two years Tiffany was living with the defendant. Defendant was properly served and timely filed a Petition to Vacate Registration of Foreign Support Order and Other Relief. Tiffany was seventeen years old when the present action was brought.

On 13 November 1996, the Gates County District Court entered a confirmation order. The court ordered defendant to pay the sum of $40 per week into the office of the Clerk of Superior Court for Gates County beginning 13 September 1996 on his current child support obligation and to continue paying until the minor child turned eighteen, or as otherwise provided in the Indiana Decree. In addition, the court reduced the amount of arrears owed by defendant from $22,560 to $2,280, based on equitable and statute of limitations defenses raised by defendant.

On appeal, plaintiff argues that (1) the trial court's confirmation order includes unauthorized modifications of both ongoing and past-due support, (2) the trial court erred as a matter of law in reducing defendant's child support obligation based on certain equitable defenses not recognized by North Carolina law and (3) the trial court erred in its application of the statute of limitations. We reverse and remand.

There are two statutes that govern this action. The first is the Uniform Interstate Family Support Act (UIFSA), which was drafted by The National Conference of Commissioners of Uniform State Laws

and approved by the American Bar Association. Under federal law, all states were required to adopt UIFSA in its entirety by 1 January 1998 or risk losing federal Title IV-D aid for child support services. 42 U.S.C. § 666(f) (1998). North Carolina codified UIFSA in Chapter 52C of the General Statutes, which became effective 1 January 1996.

The second statute is a federal law, the Full Faith and Credit for Child Support Orders Act (FFCCSOA), 28 U.S.C. § 1738B (1994). FFCCSOA was first adopted on 20 October 1994 and was later revised effective 22 August 1996. Although the 1994 version of FFCCSOA applies to this action, we believe that the result would be the same under the current version of FFCCSOA.

UIFSA is state law designed to facilitate the collection of child support in interstate cases. FFCCSOA is a federal law with the purpose of ensuring that child support orders, although modifiable in some circumstances by the courts of the issuing state, receive full faith and credit in sister states. For the most part, these laws are complementary or duplicative and not contradictory.

## I.

**[1],[2]** Plaintiff first argues that the trial court erred by modifying defendant's ongoing child support obligation.

Modification of a valid order by a responding state is allowable only if the court has jurisdiction to enter the order and (1) all parties have consented to the jurisdiction of the responding state to modify the order or (2) neither the child nor any of the parties remain in the issuing state. *See* 28 U.S.C. § 1738B(b) (1994). In this case, Mrs. George remains in the issuing state and she has not consented to have North Carolina exercise jurisdiction to modify the order. Therefore, Indiana retains continuing, exclusive jurisdiction over the action, *see* 28 U.S.C. § 1738B(d) (1994), and North Carolina does not have jurisdiction to modify the order. *See also Hinton v. Hinton*, 128 N.C. App. 637, ——, 496 S.E.2d 409, 411 (1998).

Modification is defined by FFCCSOA as "a change in a child support order that affects the amount, scope, or duration of the order and modifies, replaces, supersedes, or otherwise is made subsequent to the child support order." 28 U.S.C. § 1738B(b) (1994). Plaintiff does not explain in what way it contends that the North Carolina order constitutes a modification of the Indiana order. A comparison of the two orders, however, illuminates the inconsistency between the two.

STATE EX REL. GEORGE v. BRAY

[130 N.C. App. 552 (1998)]

The parties' separation agreement, incorporated by the Indiana Decree, provides that defendant is to pay $40 per week in child support to the plaintiff through the clerk of court. This subsection does not state when the support obligation is to end. However, under Indiana law, a parent's duty of support continues until the child reaches the age of twenty-one. Ind. Code Ann. § 31-6-6.1-13 (1983), *amended by* Ind. Code Ann. § 31-14-11-18 (1997).

The decretal portion of the trial court's confirmation order relevant to ongoing support provides:

The [defendant] shall pay the sum of $40.00 per week into the office of the Clerk of Superior Court for Gates County, North Carolina, beginning September 13, 1996, on his current child support obligation pursuant to the Indiana Decree of Dissolution of Marriage of March 9, 1981, and that said current child support [sic] continue until the minor child turns eighteen (18) on January 12, 1997, or as otherwise provided by the Indiana Decree of Dissolution of Marriage.

Under Indiana law, defendant's child support obligation continues until Tiffany reaches the age of twenty-one. Ind. Code Ann. § 31-6-6.1-13 (1983), *amended by* Ind. Code Ann. § 31-14-11-18 (1997). The North Carolina order provides that his obligation shall continue until she reaches the age of eighteen or "as otherwise provided by the Indiana Decree." Defendant argues that the trial court did not modify his obligation because the phrase "or as otherwise provided by the Indiana Decree" refers the parties back to the original order. While this argument is technically accurate, we believe that the trial court's order is insufficiently clear to put defendant on notice of the duration of his support obligation under the order. Thus, while the trial court's order in this case is not a modification, it must be amended to set out the duration of defendant's obligation clearly and unambiguously.

II.

[3] Plaintiff next argues that the trial court erred by reducing the arrears due under the Indiana Decree based on defendant's equitable defenses of de facto adoption, equitable estoppel, laches, waiver and unclean hands. Plaintiff argues that such a reduction is a modification for which the trial court did not have jurisdiction, as discussed above, and an impermissible retroactive modification of arrears. *See* U.S.C. § 666(a)(9); *but see* N.C. Gen. Stat. § 50-13.10 (1995). Defendant argues that the trial court's actions were author-

ized under UIFSA, specifically General Statutes sections 52C-3-305 and 52C-6-607. We need not reach plaintiff's arguments because we hold that UIFSA does not permit an obligor to avoid enforcement of an out-of-state child support order by asserting equitable defenses under the law of the responding state. We address defendant's arguments under section 52C-6-607 first.

A party contesting the validity, enforcement or registration of a foreign support order must prove one of the seven defenses enumerated in section 52C-6-607(a):

(1) The issuing tribunal lacked personal jurisdiction over the contesting party;

(2) The order was obtained by fraud;

(3) The order has been vacated, suspended, or modified by a later order;

(4) The issuing tribunal has stayed the order pending appeal;

(5) There is a defense under the law of this State to the remedy sought;

(6) Full or partial payment has been made; or

(7) The statute of limitations under G.S. 52C-6-604 precludes enforcement of some or all of the arrears.

N.C. Gen. Stat. § 52C-6-607(a) (1995). This list of defenses is exclusive. *See Welsher v. Rager*, 127 N.C. App. 521, 525-26, 491 S.E.2d 661, 663-64 (1997). Defendant relies on subsection (a)(5) and argues that this provision allows him to assert defenses available under North Carolina law not only to the procedures used to enforce arrears but also to the amount owed.

To determine if G.S. 52C-6-607(a)(5) should be so construed, it is necessary for us to examine it in the context of the entire UIFSA statute. Also, because FFCCSOA is federal law which supersedes UIFSA if the two are inconsistent, *see Kelly v. Otte*, 123 N.C. App. 585, 589, 474 S.E.2d 131, 134 (1996), we must examine this provision with reference to FFCCSOA. The goals of FFCCSOA and UIFSA are similar, *see* Laura W. Morgan, 3 Divorce Litig. 41, 43 (March 1997), and, therefore, we will endeavor to interpret these statutes consistently.

Our resolution of this issue turns on our interpretation of the phrase "remedy sought." If the "remedy sought" refers to the enforce-

ment of the out-of-state child support order, then subsection (a)(5) would seem to allow defendant to assert defenses against the enforcement of that order. If, however, "remedy sought" refers only to the procedural means by which the child support order is sought to be enforced, such as wage withholding, license revocation or imprisonment, then this subsection would only allow a defendant to challenge those *means* under North Carolina law.

We believe that the latter interpretation is the proper one. Our conclusion is based, first, on the use of the word "remedy" in subsection (b) of G.S. section 52C-6-607, which provides, "An uncontested portion of the registered order may be *enforced by all remedies available* under the law of this State." N.C. Gen. Stat. § 52C-6-607(b) (1995) (emphasis added). The word "remedies" is used here to refer to the procedural means of enforcing support orders. This indicates that the word "remedy" was intended to refer to enforcement procedures, rather than to the enforcement itself, in subsection (a) as well.

We also find UIFSA's choice of law provision particularly instructive. It provides:

The law of the issuing state governs the nature, extent, amount, and duration of current payments and other obligations of support and the payment of arrears under the order.

N.C. Gen. Stat. § 52C-6-604(a) (1995). Under this provision, it is clear that Indiana's law must apply to the defenses against enforcement raised by defendant because these defenses relate to "obligations of support" and "the payment of arrears." Reading G.S. sections 52C-6-604(a) and 52C-6-607(a)(5) together, then, we conclude that G.S. 52C-6-607(a)(5) allows defendant to assert defenses under North Carolina law to the enforcement procedures sought but does not allow defendant to assert equitable defenses under North Carolina law to the amount of arrears. *See* John L. Saxon, *The Federal "Full Faith and Credit for Child Support Orders Act,"* 5 INST. OF GOV'T FAM. L. BULL. 1, 4 (1995) ("When *interpreting* an out-of-state child support order, the forum state is required to apply the law of the rendering state," . . . but "with the possible exception of the statute of limitation, the procedures and remedies of the forum state will apply to the enforcement of out-of-state child support orders within the forum state.") Because G.S. 52C-6-607(a)(5) is limited to "defense[s] under the law of this State," this subsection does not authorize the assertion of defenses against enforcement raised by defendant in this case; those defenses are governed by Indiana law.

Our conclusion is further supported by FFCCSOA's choice of law provision which provides in relevant part:

(1) IN GENERAL.—In a proceeding to establish, modify, or enforce a child support order, the forum State's law shall apply except as provided in paragraphs (2) and (3).

(2) LAW OF STATE OF ISSUANCE OF ORDER.—In interpreting a child support order, a court shall apply the law of the State of the court that issued the order.

28 U.S.C. § 1738B(g) (1994). We believe that the interpretation of a child support order includes all substantive issues pertaining to the enforcibility of the order and that this provision is consistent with the UIFSA choice of law provision.

We note that the 1996 FFCCSOA amendments revised subsection (g)(2) (now (h)(2)) to explain further the phrase "interpreting a child support order" by adding the words "including the duration of current payments and other obligations of support." This revision makes FFCCSOA's choice of law provision more consistent with UIFSA and is consistent with our analysis above. We do not believe that the addition of these words presumes that such an analysis was less correct under the 1994 version.

Our interpretation of G.S. 52C-6-607(a)(5) is also consistent with the intent behind FFCCSOA and UIFSA. "To insure the efficient processing of the huge number of interstate support cases, it is vital that decision-makers apply familiar rules of substantive and procedural law to those cases." John J. Sampson, *Uniform Interstate Family Support Act,* 27 Fam. L. Q. 93, 129 (Spring 1993). In our race for efficiency, however, we cannot lose sight of the overriding goal of protecting the integrity of valid child support orders. By applying the issuing state's law to determine the extent of obligations of support, we lessen the likelihood of forum shopping and relitigation. By applying the forum state's law to the means of enforcing the order, we ease enforcement and avoid delay.

If defendant wishes to pursue his equitable defenses he must do so in Indiana. If he is successful in Indiana he may then contest enforcement of this order in North Carolina under G.S. 52C-6-607(a)(3) on the grounds that the order has been modified. N.C. Gen. Stat. § 52C-6-608 (1995) ("Confirmation of a registered order . . . precludes further contest of the order with respect to any

matter *that could have been asserted at the time of registration.")* (emphasis added).

We hold that the trial court erred in reducing arrears based on equitable defenses not allowed under G.S. 52C-6-607(a)(5). We decline to state an opinion as to the viability of these defenses under the law of North Carolina.

[4] Defendant further argues that the trial court was authorized by N.C. Gen. Stat. § 52C-3-305 (1995) to reduce the amount of arrears. Under G.S. 52C-3-305, the trial court in the responding state is authorized to determine the amount of arrears and the method of payment. N.C. Gen. Stat. § 52C-3-305(b)(4) (1995). For the reasons discussed above, we hold that this provision allows the responding courts to perform only a ministerial function and does not contemplate relitigation of issues determined in the order or interpretation of the order under the responding state's law. To do so would violate principles of full faith and credit and res judicata so long as Indiana has continuing, exclusive jurisdiction of this matter.

### III.

[5] Finally, Plaintiff argues that the trial court erred in applying the North Carolina statute of limitations to the enforcement of arrears. We agree.

FFCCSOA provides that "[a] court shall apply the statute of limitation of the forum State or the State of the court that issued the order, whichever statute provides the longer period of limitation." 28 U.S.C. § 1738B(g)(3) (1994). UIFSA contains an identical provision. *See* N.C. Gen. Stat. § 52C-6-604 (1995).

Under North Carolina law, the statute of limitations for the collection of child support arrears is ten years. N.C. Gen. Stat § 1-47 (Cum. Supp. 1997). In their briefs, the parties state that the Indiana statute of limitations is ten years for actions that arose after 1 September 1982 and fifteen years for actions that arose prior to that date. The statute that the parties cite for this proposition is the general statute of limitations, Ind. Code Ann. § 34-1-2-3 (1983). This statute explicitly states that it does not apply where a different limitation period is prescribed by statute. Ind. Code Ann. § 34-1-2-3 (1983), *amended by* Ind. Code Ann. § 34-11-1-2(c) (1998). Indiana has a different statute of limitations for actions to enforce child support which provides:

**34-1-2-1.6. Time limitation on bringing action to enforce child support obligation.**—An action to enforce a child support obligation must be brought not later than ten (10) years after:

(1) the eighteenth birthday of the child; or

(2) the emancipation of the child; whichever occurs first.

Ind. Code Ann. § 34-1-2-1.6 (1995), *amended by* Ind. Code Ann. § 34-11-2-10 (1998).

Following both UIFSA and FFCCSOA, our courts must apply the statute of limitations of Indiana, not North Carolina, because Indiana's is the longer of the two. Because Tiffany was seventeen and unemancipated at the time that this action was brought, the Indiana statute of limitations had not begun to run. Therefore, defendant's statute of limitations defense fails and the portion of the trial court's order barring enforcement of arrears incurred prior to 1985 based on the statute of limitations must be reversed.

This case is remanded to the trial court for proceedings consistent with this opinion.

Reversed and remanded.

Judges WALKER and TIMMONS-GOODSON concur.