MARTIN COUNTY EX REL. HAMPTON v. DALLAS

[140 N.C. App. 267 (2000)]

MARTIN COUNTY ON BEHALF OF EVELYN HAMPTON, (AKA PEJU O. BABALOLA), PLAINTIFF-APPELLANT v. MELVIN E. DALLAS, DEFENDANT-APPELLEE

No. COA99-1186

(Filed 3 October 2000)

## Child Support, Custody, and Visitation— registration of foreign support order—determination of arrearage—burden of proof

The trial court erred by vacating the registration of a Virginia child support order in North Carolina where defendant had filed a motion seeking to terminate future support and to receive credit for support which came due while he served a jail sentence in New York. The correct amount of arrearage can be determined just as it would in a dispute arising from a North Carolina order, but the existence of such a dispute is not grounds for vacating a registered foreign support order, nor does it shift the burden of proof to plaintiff.

Appeal by plaintiff from order entered 6 July 1999 by Judge Michael A. Paul in Martin County District Court. Heard in the Court of Appeals 21 August 2000.

*Bowen & Batchelor, by J. Melvin Bowen, for plaintiff appellant.*

*No brief filed for defendant.*

HORTON, Judge.

Melvin E. Dallas (defendant) was married to Evelyn J. Keyes Dallas (now Evelyn Hampton, aka Peju O. Babalola) on 5 November 1976, in Baltimore, Maryland. Two children were born to their marriage, namely: Jaimi C. Dallas, born on 30 May 1976, and Mark E. Dallas, born on 9 June 1978. Melvin and Evelyn Dallas separated on 1 July 1981, and Evelyn Dallas was granted an absolute divorce on 7 October 1982 in the Circuit Court for the City of Hampton, Virginia. The Circuit Court entered an order awarding custody of the parties' two children to Evelyn Dallas, and ordering defendant to pay the sum of $150.00 per month for each of the minor children until each attained the age of 18 years.

Following the divorce, defendant moved to New York, where he was convicted of attempted murder in November 1984. Defendant served a lengthy prison sentence in New York, from which he was

released in June 1991 under parole supervision. In 1993, Evelyn Dallas Hampton registered the Virginia child support order in New York for enforcement under the Uniform Reciprocal Enforcement of Support Act (URESA), the predecessor of the Uniform Interstate Family Support Act (UIFSA). In October 1993, a New York court modified the defendant's *prospective* child support obligation to $60.00 per week, but did not modify his unpaid support balance.

In November 1996, the New York court terminated defendant's obligation to pay future child support because both children had reached 18 years of age. In September 1997, defendant moved to North Carolina. In July 1998, the New York Child Support Enforcement Agency forwarded a request to the North Carolina Support Enforcement Unit in Raleigh, seeking assistance in collection of a substantial child support arrears alleged to be due under the Virginia order.

On 2 December 1998, Martin County filed a Notice of Registration of Foreign Support Order in the Martin County District Court on behalf of Peju O. Babalola, formerly known as Evelyn (Dallas) Hampton. The proceeding sought enforcement of arrears in the amount of $33,124.02 allegedly due under the Virginia child support order.

The Notice and accompanying documents filed by Martin County included the information required by North Carolina's version of UIFSA, codified in Chapter 52C of the North Carolina General Statutes. The Notice advised defendant that, if he wished to contest the validity or enforcement of the registered Virginia child support order, he "must file a written request for hearing asking the Court to vacate registration of the order, asserting any defense regarding alleged noncompliance with the order, or contesting the amount of arrears allegedly owed under the order or the remedies that are being sought to enforce the order."

Pursuant to the instructions in the Notice, defendant filed a Motion on 4 December 1998 to terminate any future child support obligation and to give him credit for child support which came due during the jail sentence he served in the State of New York from 2 January 1984 through 26 June 1991. Defendant also asked that records of his support payments prior to his incarceration and after his release be obtained from officials in both New York and Virginia to demonstrate his compliance with the Virginia child support order.

At a hearing held on 19 May 1999, the Martin County District Court denied registration of the Virginia order "because the Department of Social Services has failed to prove by a clear and convincing evidence why the Virginia order should be registered in North Carolina upon the request of the State of New York." The trial court also ruled that the order should not be registered because of the "conflicting evidence" presented by defendant and the State of North Carolina. Plaintiff contends that the trial court erred in its ruling, and we agree.

In pertinent part, UIFSA provides that a support order from another state is registered when the order is filed in the registering tribunal of this state. N.C. Gen. Stat. § 52C-6-603(a) (1999). "[U]pon filing, a support order becomes registered in North Carolina and, unless successfully contested, must be recognized and enforced." *Welsher v. Rager*, 127 N.C. App. 521, 525, 491 S.E.2d 661, 663 (1997). Under N.C. Gen. Stat. § 52C-6-607, a party who desires to vacate the registration of the order

> has the burden of proving at least one of seven narrowly-defined defenses. The possible defenses are as follows: (1) the issuing tribunal lacked jurisdiction; (2) the order was fraudulently obtained; (3) the order has been vacated, suspended, or modified; (4) the issuing tribunal has stayed the order pending appeal; (5) the remedy sought is not available in this state; (6) payment has been made in full or in part; and (7) enforcement is precluded by the statute of limitations. N.C. Gen. Stat. § 52C-6-607(a) (1995).

*Welsher*, 127 N.C. App. at 525-26, 491 S.E.2d at 663-64.

Thus, under the relevant statutory provision, the Virginia order here in question became registered upon its filing in the office of the Martin County Clerk of Court on 2 December 1998. The trial court did not have the discretion to vacate that registration unless the *defendant* met the burden of proving one of the defenses set out in N.C. Gen. Stat. § 52C-6-607(a). Here, it appears that defendant attempted to raise the sixth defense to enforcement, that payment had been made in whole or in part. N.C. Gen. Stat. § 52C-6-607(a)(6). The thrust of defendant's motion was directed toward his receiving a credit for the time he was incarcerated in the State of New York, and receiving credit for additional payments of child support he contends he made.

It is not unusual for questions about the correct amount of arrearage to be raised in these multi-state child support matters. The cor-

rect amount of arrearage can be determined in a case of this sort just as it could in a dispute arising out of a North Carolina child support order. However, the mere existence of such a dispute is not grounds for vacating a registered foreign support order, nor does it shift the statutory burden of proof to the plaintiff.

The trial court erred in placing the burden on the plaintiff in this case to prove that the Virginia order should be registered. While there were conflicts in the evidence presented by defendant and by plaintiff, such conflicts are for the trial court to resolve; their presence does not justify or permit vacation of the prior registration.

The order entered by the trial court purporting to deny registration of the Virginia order is reversed, and the matter is remanded for a hearing at which defendant will have the burden of demonstrating that he is entitled to credit either for his period of incarceration in New York, or for payment of his child support obligation in whole or in part.

Reversed and remanded.

Chief Judge EAGLES and Judge MARTIN concur.