STATE OF NORTH CAROLINA ex rel. PATRICIA A. LIVELY, Plaintiff v.
CRAIG A. BERRY, Defendant

No. COA06-1678

(Filed 4 December 2007)

**Child Support, Custody, and Visitation— foreign child support orders—defenses—statutory rather than equitable**

The trial court erred by not fully confirming registration of Florida child support orders where defendant did not establish any defense to registration of the orders under N.C.G.S. § 52C-6-607. Equitable defenses to defendant's child support obligations can be raised only in Florida.

Appeal by plaintiff from order entered on 25 August 2006 by Judge Michael A. Paul in District Court, Hyde County. Heard in the Court of Appeals 10 September 2007.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Lisa Bradley Dawson for the State.*

*Sarah Alston Homes for defendant-appellee.*

STROUD, Judge.

Plaintiff appeals trial court's order which denied registration of foreign child support orders as to arrears based on the *ex mero motu* argument that registering such orders denied defendant of his substantive and procedural due process rights. The dispositive question before this Court is whether the trial court erred in not confirming the registration of the foreign support orders in their entirety as defendant failed to raise any valid defense under the Uniform Interstate Family Support Act, codified in chapter 52 of the North Carolina General Statutes. For the following reasons, we reverse and remand.

I. Background

On 5 June 1988 Craig A. Berry (hereinafter "defendant") and Patricia A. Lively (hereinafter "mother") were married in Rockledge, Florida. On 12 August 1989 defendant and mother had a son, hereinafter referred to as "the child". On 29 January 1991 defendant and mother were divorced.

Defendant and mother agreed to a Separation, Child Custody and Property Settlement Agreement ("agreement"). The parents agreed

the child's primary residence would be with his mother. The agreement was signed and verified by defendant and incorporated into the Final Judgment of Dissolution of Marriage by the Circuit Court in Brevard County, Florida. The judgment provided:

> Child Support. The Father, CRAIG A. BERRY, shall promptly pay by cash, postal money order, or check payable to the Circuit Court, Brevard County, Florida, P.O. Drawer H, Titusville, Florida, 32780, for disbursement to the Mother, PATRICIA A. BERRY, whose address is 1900 Post Road, #176, Melbourne, Florida, 32935, for support and maintenance of said minor child, the sum of $50.00 per week, commencing February 1, 1991, plus court costs of $1.50 per payment and a like sum on each Friday thereafter, until furthr [sic] notice of this Court. Mailed certified checks and money orders must show the Father's name and the above Court case number.

On or about 6 July 2005 an order was entered in Florida which established defendant's child support arrears as of 28 April 2005 in the amount of $31,915.00 and public assistance arrears in the amount of $850.00. On or about 18 November 2005 the Florida Child Support Enforcement office requested a verification of address for defendant. On 30 December 2005, Tara Tanaka, manager of the Compliance Enforcement Process Child Support Enforcement Program verified the defendant's Fairfield, North Carolina address. On 9 February 2006 the Office of Child Support Enforcement in Brevard County, Florida requested the Child Support Enforcement division of the Department of Human Resources in Raleigh, North Carolina to register two foreign support orders.

The first order under the case number 05-1990-DR-012494 (hereinafter "child support order") required defendant to pay the Florida State Disbursement Unit: (1) $50.00 per week for ongoing child support payments due to mother and (2) $33,865.00 as of 23 January 2006 for child support arrears owed to mother. The second order under the case number 05-2004-DR-70325 (hereinafter "public assistance order") required defendant to pay $850.00, to be paid in the amount of $5.00 per week, to the Florida State Disbursement Unit for arrears while the child was in foster care.

On or about 12 April 2006 both orders were registered in Hyde County, North Carolina. On or about 13 April 2006 a certified copy of the notice of registration was sent to defendant and defendant received the notice. On 28 April 2006 defendant filed a request for

STATE EX REL. LIVELY v. BERRY

[187 N.C. App. 459 (2007)]

hearing and motion to vacate registration of the foreign support orders based solely on the grounds that he had been denied visitation rights with the child. On 22 May 2006 notice was sent to defendant that a hearing was scheduled on 8 June 2006 at 9:30 a.m. in District Court, Hyde County, North Carolina. Defendant requested continuance of the 8 June 2006 hearing, and it was continued to 6 July 2006 at 9:30 a.m. in District Court, Hyde County, North Carolina.

At the hearing defendant testified, *inter alia*, that: (1) in or around 1992 defendant moved to North Carolina from Florida, (2) he was not aware of the location of mother for a short period of time after the divorce, (3) since approximately 1993 he has been residing at the same address in North Carolina, his current address, (4) on 6 November 2003 by regular mail at the address where he is currently residing, Florida notified defendant that his son was being taken into custody, (5) he had received documents from social services informing him that his son had been placed in juvenile hall, (6) he had not attended his son's juvenile hearings in Florida because he knew that there were outstanding orders for his arrest in Florida for failure to pay child support, and (7) he did not make child support payments because he was not allowed to visit with his child. The only defense to his non-payment of child support defendant raised in his response or at the hearing was that he has not had visitation with the child.

On or about 23 August 2006 the trial court registered only the ongoing $50.00 monthly payment portion of the child support order and declined to register the portion of the child support order requiring defendant to pay arrears. The trial court also declined to register the public assistance order requiring defendant to pay arrears to Florida for the time the child was in foster care on the grounds that defendant's substantive and procedural due process rights were denied because the State of Florida did not notify defendant in advance that it would be enforcing the child support order even though "the Florida and Brevard County officials knew the defendant's address." The defense of due process was not raised by defendant but by the trial court *ex mero motu*.[1] Plaintiff appeals.

---

1. It is unclear why the trial court viewed this lack of advance notification of registration as a due process issue considering that (1) no such notification is required by UIFSA, and (2) defendant testified that he did not attend his son's juvenile hearings in Florida because he knew that there were outstanding orders for his arrest for failure to pay child support, demonstrating that defendant was very well aware that he had child support arrearages that were accruing and that Florida was seeking to collect arrearages.

## II. Registration of Foreign Support Orders

Plaintiff argues that the trial court was required to follow the statutory language of the Uniform Interstate Family Support Act ("UIFSA"), codified in chapter 52C of the North Carolina General Statutes, and to allow the registration of the foreign support orders unless defendant presented evidence sufficient to establish at least one of the seven specifically enumerated defenses under UIFSA. We agree. "Where a party asserts an error of law occurred, we apply a *de novo* standard of review." *Craven Reg'l Med. Auth. v. N.C. Dep't. of Health and Human Servs.*, 176 N.C. App. 46, 51, 625 S.E.2d 837, 840 (2006).

Pursuant to N.C. Gen. Stat. § 52C-6-607

(a) A party contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving one or more of the following defenses:

(1) The issuing tribunal lacked personal jurisdiction over the contesting party;

(2) The order was obtained by fraud;

(3) The order has been vacated, suspended, or modified by a later order;

(4) The issuing tribunal has stayed the order pending appeal;

(5) There is a defense under the law of this State to the remedy sought;

(6) Full or partial payment has been made; or

(7) The statute of limitations under G.S. 52C-6-604 precludes enforcement of some or all of the arrears.

(b) If a party presents evidence establishing a full or partial defense under subsection (a) of this section, a tribunal may stay enforcement of the registered order, continue the proceeding to permit production of additional relevant evidence, and issue other appropriate orders. An uncontested portion of the registered order may be enforced by all remedies available under the law of this State.

*(c) If the contesting party does not establish a defense under subsection (a) of this section to the validity or enforcement of*

*the order, the registering tribunal shall issue an order confirming the order.*

N.C. Gen. Stat. § 52C-6-607 (2005) (emphasis added). "As used in statutes, the word 'shall' is generally imperative or mandatory." *State v. Johnson*, 298 N.C. 355, 361, 259 S.E.2d 752, 757 (1979); *see also In re Z.T.B.*, 170 N.C. App. 564, 569, 613 S.E.2d 298, 300 (2005) ("The use of the word 'shall' by our Legislature has been held by this Court to be a mandate . . . .").

In *Martin County ex rel. Hampton v. Dallas*, the trial court denied registration of a foreign child support order. 140 N.C. App. 267, 269, 535 S.E.2d 903, 905 (2000). This Court reversed and remanded stating that "[t]he trial court did not have the discretion to vacate that registration unless the defendant met the burden of proving one of the defenses set out in N.C. Gen. Stat. § 52C-6-607(a)." *Id.* at 269-70, 535 S.E.2d 903, 905-06.

> Plaintiff's support order became registered in North Carolina upon filing. Applying the appropriate law, UIFSA, the record is devoid of a defense under section 52C-6-607 of the General Statutes, which would justify vacating a properly registered support order. Under UIFSA, unless the court finds that the defendant has met his burden of proving one of the specified defenses, enforcement is compulsory.

*Welsher v. Rager*, 127 N.C. App. 521, 526, 491 S.E.2d 661, 664 (1997).

We also note that federal law, the Full Faith and Credit for Child Support Orders Act ("FFCCSOA"), has been interpreted by this Court in conjunction with UIFSA. *See, e.g., New Hanover Cty. ex rel Mannthey v. Kilbourne*, 157 N.C. App. 239, 578 S.E.2d 610 (2003). We have stated that

> G.S. 52C-6-607(a)(5) allows defendant to assert defenses under North Carolina law to the enforcement procedures sought but does not allow defendant to assert equitable defenses under North Carolina law to the amount of arrears. *See* John L. Saxon, *The Federal "Full Faith and Credit for Child Support Orders Act*," 5 INST. OF GOV'T FAM. L. BULL. 1, 4 (1995) ("When *interpreting* an out-of-state child support order, the forum state is required to apply the law of the rendering state," [. . .] but "with the possible exception of the statute of limitation, the procedures and remedies of the forum state will apply to the enforcement of out-of-state child support orders within the forum state.")

Because G.S. 52C-6-607(a)(5) is limited to "defenses under the law of this State," this subsection does not authorize the assertion of defenses against enforcement raised by defendant in this case . . . .

*State ex rel. George v. Bray*, 130 N.C. App. 552, 558, 503 S.E.2d 686, 691 (1998).

The trial judge erroneously concluded as a matter of law that "enforcement of foreign support orders under Chapter 52C of the General Statutes of North Carolina is an equitable remedy." Chapter 52C provides a legal remedy, not an equitable remedy. *Id.* at 558, 503 S.E.2d at 691. Any equitable defenses to the child support obligations that defendant may wish to raise can be raised only in Florida. *See id.* If defendant is successful in Florida, he could then contest enforcement of the orders "in North Carolina under G.S. 52C-6-607(a)(3) on the grounds that the order has been modified." *Id.* at 559, 503 S.E.2d at 691.

In addition, under the FFCCSOA, the trial court did not have the authority to modify the Florida child support order by permitting registration of a portion of the order, the ongoing monthly child support, and denying registration of the arrears. "Modification is defined by FFCCSOA as a change in a child support order that affects the amount, scope, or duration of the order and modifies, replaces, supersedes, or otherwise is made subsequent to the child support order." *Id.* at 555, 503 S.E.2d at 689 (citation and internal quotations omitted).

Modification of a valid order by a responding state is allowable only if the court has jurisdiction to enter the order and (1) all parties have consented to the jurisdiction of the responding state to modify the order or (2) neither the child nor any of the parties remain in the issuing state.

*Id.* Mother still resides in Florida and she has not consented to have North Carolina exercise jurisdiction to modify the orders. Florida therefore "retains continuing, exclusive jurisdiction over the action . . . and North Carolina does not have jurisdiction to modify the order." *Id.*

In North Carolina defendant's only potential defenses to registration of the orders were those enumerated defenses under N.C. Gen. Stat. § 52C-6-607. *See Dallas* at 269-70, 535 S.E.2d at 905-06; *Bray* at 558, 503 S.E.2d at 691. The only defense raised by defendant was

that he was not allowed to visit his child. Denial of visitation is not one of the seven enumerated defenses under N.C. Gen. Stat. § 52C-6-607. Defendant did not argue or present evidence as to any other potential defense under either North Carolina or Florida law. The refusal of the trial court to register the arrears portion of the orders affected the amount of the orders and thus effectively modified the orders. *See Bray* at 555, 503 S.E.2d at 689. Pursuant to the mandatory language of N.C. Gen. Stat. § 52C-6-607, the trial court erred by failing to confirm the registration of the Florida orders in full and without modification. *See* N.C. Gen. Stat. § 52C-6-607.

### III. Conclusion

We reverse and remand this case because of the trial court's failure to follow the statutory language of N.C. Gen. Stat. § 52C-6-607. Defendant failed to establish any defense to registration of the orders under N.C. Gen. Stat. § 52C-6-607 and therefore the registration of the orders should be confirmed. Due to our ruling upon this issue, we need not review plaintiff's other assignments of error.

REVERSED AND REMANDED.

Chief Judge MARTIN and Judge ARROWOOD concur.