NO. COA13-603

NORTH CAROLINA COURT OF APPEALS

Filed: 7 January 2014

CARTERET COUNTY o/b/o, LANNI AMOR
V KENDALL,
    Plaintiff,

v.

                                        Carteret County
                                        No. 12 CVD 1150
                                        IV-D No. 5339303

GREGORY S. KENDALL,
    Defendant.


Appeal by Plaintiff from order entered 8 March 2013 by Judge Paul M. Quinn in Carteret County District Court. Heard in the Court of Appeals 21 October 2013.

*Erin B. Meeks for Plaintiff.*

*No brief filed by Defendant.*


DILLON, Judge.


Carteret County, on behalf of Lanni Amor Vero Kendall (Plaintiff), appeals from the trial court's order denying enforcement in North Carolina of a child support order originally entered in Colorado against Plaintiff's ex-husband, Gregory S. Kendall (Defendant). We reverse.

I. Factual & Procedural Background

Plaintiff and Defendant lived in Colorado at the time of their divorce in January 2009. When the divorce decree was entered, the Colorado court also entered an order requiring Defendant to pay child support for their minor child. Defendant subsequently relocated to North Carolina, prompting Plaintiff to seek registration and enforcement of the Colorado child support order in North Carolina. A notice of registration of the Colorado order in North Carolina was issued on 15 October 2012 and served on Defendant on or about 26 October 2012.

Defendant timely filed a request for a hearing to contest enforcement of the Colorado order in North Carolina. The matter was heard in Carteret County District Court on 7 February 2013, at which time Defendant contended, essentially, that he had wrongfully been required to register as a sex offender in North Carolina and that this error had prevented him from securing employment through which he could earn wages to pay child support. Counsel for Plaintiff countered that Defendant's contention was without merit, as it bore no relation to any of the seven statutorily prescribed defenses available to contest registration and enforcement of the child support order under N.C. Gen. Stat. § 52C-6-607(a). The trial court issued its ruling in open court as follows:

-3-

> I'm going to go off the grill on this one and I'll say the same thing I did to you and this might be wrong – what I'm getting ready to do. I'm going to make up an eighth reason, (inaudible), and I'm not going to register the Order here today and . . . they're certainly free to appeal this and they probably will[.]"
>
> . . . .
>
> They're going to appeal this so, again, [Defendant], I feel for your position. I'm going to buy you a little more time on this but uh, eventually this is going to come down on you, okay? So do some scrambling, do whatever you need to do, but from today's standpoint, [we] don't have an angry Plaintiff here, she's moved to Colorado and I'm not going to register the Order. It's very appealable just like uh, another case I did today but I'm going to advocate a little bit for you today. All right. Have a good day.

The trial court subsequently entered a written order on 8 March 2013, finding that "Defendant [did] not raise any of the defenses enumerated in N.C. Gen. Stat. § 52C-6-607(a)" and that "Defendant's evidence [did] not support any of the defenses enumerated in 52C-6-607." Notwithstanding these findings, the trial court concluded as a matter of law that "in light of Defendant's legal challenge to his status as a registered sex offender, equity demands that the Colorado child support order not be registered in the State of North Carolina at this time." From this order, Plaintiff appeals.

## II. Analysis

Plaintiff contends that the trial court erred in failing to confirm registration and permit enforcement of the Colorado child support order in the State of North Carolina.  We agree.

The trial court's decision to deny enforcement of the child support order constituted a conclusion of law, reviewable by this Court *de novo* on appeal.  *State ex rel. Lively v. Berry*, 187 N.C. App. 459, 462, 653 S.E.2d 192, 194 (2007).  Under the *de novo* standard, "we may freely substitute our judgment for that of the [trial] court."  *Ayers v. Bd. of Adjustment for Town of Robersonville Through Roberson*, 113 N.C. App. 528, 530-31, 439 S.E.2d 199, 201 (1994).

N.C. Gen. Stat. § 52C-6-607 provides as follows:

(a) A party contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving one or more of the following defenses:

(1) The issuing tribunal lacked personal jurisdiction over the contesting party;

(2) The order was obtained by fraud;

(3) The order has been vacated, suspended, or modified by a later order;

(4) The issuing tribunal has stayed the order pending appeal;

(5) There is a defense under the law of this State to the remedy sought;

(6) Full or partial payment has been made; or

(7) The statute of limitations under G.S. 52C-6-604 precludes enforcement of some or all of the arrears.

(b) If a party presents evidence establishing a full or partial defense under subsection (a) of this section, a tribunal may stay enforcement of the registered order, continue the proceeding to permit production of additional relevant evidence, and issue other appropriate orders. An uncontested portion of the registered order may be enforced by all remedies available under the law of this State.

(c) If the contesting party does not establish a defense under subsection (a) of this section to the validity or enforcement of the order, the registering tribunal shall issue an order confirming the order.

N.C. Gen. Stat. § 52C-6-607 (2011). This court has described the defenses enumerated in N.C. Gen. Stat. § 52C-6-607(a) as "narrowly-defined[,]" *Welsher v. Rager*, 127 N.C. App. 521, 525-26, 491 S.E.2d 661, 663-64 (1997), and as an "*exclusive* list of defenses" available to a party contesting the validity or enforcement of a registered order, *State, By & Through Albemarle Child Support Enforcement Agency ex rel. George v. Bray*, 130 N.C. App. 552, 557, 503 S.E.2d 686, 690 (1998) (emphasis added).

Here, the trial court acknowledged both in open court and in its written order that Defendant had failed to carry his burden with respect to any of the relevant defenses under N.C. Gen. Stat. § 52C-6-607(a). Upon careful examination of the record on appeal

and the transcript of the 7 February 2013 hearing, we agree that Defendant has not raised any defenses relevant to contesting enforcement of the child support order. Defendant's primary defense, which the trial court evidently accepted and used as its basis to rule in Defendant's favor, was his purported inability to earn wages due to the fact that he had been improperly required to register as a sex offender. This position – that it would be unfair to obligate him to pay child support under the circumstances – was clearly equitable in nature. We are aware of no authority supporting the proposition that an equitable defense may be raised to defend against enforcement of an out-of-state child support order registered in North Carolina. To the contrary, in *Berry*, this Court specifically held as follows:

> The trial judge erroneously concluded as a matter of law that "enforcement of foreign support orders under Chapter 52C of the General Statutes of North Carolina is an equitable remedy." Chapter 52C provides a legal remedy, not an equitable remedy. Any equitable defenses to the child support obligations that defendant may wish to raise can be raised only in Florida. If defendant is successful in Florida, he could then contest enforcement of the orders "in North Carolina under G.S. 52C-6-607(a)(3) on the grounds that the order has been modified."

187 N.C. App. at 464, 653 S.E.2d at 195 (citations omitted).

Accordingly, we must conclude in the instant case that the trial court's equitable basis for refusing to enforce the child support order was erroneous as a matter of law. Defendant's failure to raise any of the applicable statutory defenses required the trial court to confirm registration of the Colorado child support order such that the order could be properly enforced in North Carolina.

REVERSED.

Chief Judge MARTIN and Judge STEELMAN concur.