LORIS M. PIEPER, PETITIONER/APPELLANT v. GARY L. PIEPER, RESPONDENT/APPELLEE

No. 8726DC1110

(Filed 31 May 1988)

**Parent and Child § 10— educational support for child past majority—foreign decree unenforceable under URESA**

> Petitioner could not use URESA as a vehicle to enforce in North Carolina a foreign support decree requiring respondent to provide educational support for the parties' child until he reached 22 years of age, since such a decree could not have been rendered under North Carolina law, and it is the law of the state where the obligor is found, the "responding state," which applies in actions under URESA. N.C.G.S. § 52A-8.

APPEAL by petitioner from *Johnston, Robert P., Judge.* Order entered 29 July 1987 in MECKLENBURG County District Court. Heard in the Court of Appeals 13 April 1988.

Petitioner and her husband were divorced in Iowa on 19 March 1975. Petitioner was awarded custody of the parties' son, Mark, born 7 November 1965, and respondent was ordered to pay child support until the child reached the age of eighteen. On or about 1 August 1984 the District Court of Iowa, Linn County, entered a Supplemental Decree and Ruling modifying the original decree and ordering respondent to pay petitioner educational child support in the amount of $85 per week for Mark, commencing 10 August 1984 and continuing until Mark reached the age of 22, so long as he in good faith attended a college, university, or area school. Respondent appealed this modified decree to the Iowa Supreme Court, which affirmed the trial court on 19 June 1985. On 1 October 1985 petitioner obtained in the District Court of Iowa, Linn County, a Supplement to Supplemental Decree, ordering the commencement date of the educational child support payments retroactively modified to 20 December 1983.

Mrs. Pieper subsequently secured registration of her Iowa decree in Mecklenburg County pursuant to N.C. Gen. Stat. Ch. 52A, which is our State's version of the Uniform Reciprocal Enforcement of Support Act (URESA), and moved to enforce the foreign decree. Respondent filed in response separate motions to vacate the registration and to dismiss the action. By order entered 29 July 1987 the district court granted respondent's motion to dismiss, and petitioner appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General T. Byron Smith, for petitioner.*

*Petree Stockton & Robinson, by Peter E. Lane and David B. Hamilton, for respondent.*

WELLS, Judge.

The question is whether petitioner may use URESA as a vehicle to enforce in our State a foreign support decree which could not have been rendered under North Carolina law. The district court made, *inter alia*, the following findings of fact:

1. Mr. Pieper has been a resident of North Carolina since 1975.

2. Mr. and Mrs. Pieper entered no agreement for the payment of support for their son beyond the age of eighteen years.

3. N.C. Gen. Stat. § 52A-8 provides in part as follows: "Duties of support applicable under this Chapter are those imposed or imposable under the laws of any state where the obligor was present during the period or any part of the period for which support is sought."

4. Pursuant to N.C. Gen. Stat. § 50-13.4(c), payments ordered for the support of a child terminate when the child reaches the age of eighteen, with two exceptions which are inapplicable in this case.

Based on the facts found the district court concluded as follows:

1. Pursuant to N.C. Gen. Stat. § 52A-8, the duties of support of Mr. Pieper in this action are those imposed or imposable under the laws of North Carolina.

2. The duties of support which Mrs. Pieper seeks to enforce in this action are not imposable and cannot be imposed under the laws of North Carolina, and the Iowa foreign support orders which have been registered cannot be enforced by this Court.

3. Because the duties of support sought to be enforced by Mrs. Pieper in this action cannot be enforced by this Court, this action should be dismissed.

We agree with the conclusions of the trial court, and we therefore affirm the dismissal of petitioner's enforcement action.

N.C. Gen. Stat. § 52A-8 clearly provides that it is the law of the state where the obligor is found, the "responding state," that applies in actions under URESA. *See, e.g.,* 2 R. E. Lee, *North Carolina Family Law* § 169 at 340 (4th ed. 1980); *see also,* W. J. Brockelbank and F. Infausto, *Interstate Enforcement of Family Support* 30-36 (2d ed. 1971). In the absence of an enforceable contract, North Carolina courts are without authority to order child support for a child who has attained the age of majority, *Bridges v. Bridges,* 85 N.C. App. 524, 355 S.E. 2d 230 (1987), with two exceptions which are not applicable in this case. In North Carolina a child reaches his majority at age eighteen. N.C. Gen. Stat. § 48A-2. Thus, petitioner's Iowa supplemental decree imposes upon respondent a support duty not imposable under North Carolina law and hence not enforceable under our URESA. Only support decrees that could have been rendered under the laws of our State can be enforced via URESA in North Carolina. *Cf. Shaw v. Shaw,* 25 N.C. 53, 212 S.E. 2d 222 (1975).

Petitioner contends that child support payments are within the protection of the full faith and credit clause of the federal constitution unless the rendering state has the power to annul or modify the decree as to overdue and unsatisfied installments. We do not disagree. While there is no question that petitioner remains free to seek enforcement of her foreign judgment via alternative, well-trodden legal routes, *see, e.g., Sistare v. Sistare,* 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910); *Fleming v. Fleming,* 49 N.C. App. 345, 271 S.E. 2d 584 (1980), plaintiff did not pursue such routes in this case.

Affirmed.

Chief Judge HEDRICK and Judge COZORT concur.