ROSEMARIE WELSHER, Plaintiff v. PAUL RAGER, Defendant

No. COA96-1322

(Filed 21 October 1997)

1. **Divorce and Separation § 563 (NCI4th)— New York child support order—children over eighteen—enforcement in North Carolina—UIFSA**

    The trial court erred by granting defendant's motion to dismiss a petition requesting registration and enforcement of a 1985 New York child support order where defendant signed the order voluntarily in New York, plaintiff still resides in New York but defendant moved to North Carolina, and defendant answered contending that the original 1980 divorce decree had only obligated him to support the children until they were eighteen and out of high school, that he had not knowingly agreed to pay support until they reached twenty-one, that making support payments to an adult over eighteen was unjustifiable, and asking that he be relieved of any obligation under the 1985 order. URESA was repealed effective 1 January 1996 and UIFSA adopted in its place. The trial court was apparently operating under repealed URESA procedures in that plaintiff's petition includes a document title referring to URESA and the trial court's order was on a form which indicated that the judge was presiding over a URESA session. Moreover, the trial court's single finding was that the children had reached eighteen; while such a finding may have been sufficient to deny enforcement under URESA since North

Carolina provides for emancipation at eighteen, New York law provides that the age of emancipation is twenty-one. Applying the appropriate law, UIFSA, the record is devoid of a defense which would justify vacating a properly registered support order.

**2. Divorce and Separation § 563 (NCI4th)— enforcement of foreign support orders—Uniform Interstate Family Support Act**

The Uniform Interstate Family Support Act, UIFSA, effective 1 January 1996, establishes a one order system whereby all adopting states are required to recognize and enforce the same obligation consistently; where only one tribunal has issued a support order, that order becomes the one to be recognized and enforced by adopting states, even if the state initiating the order has not adopted UIFSA. Enforcement by the registering state is obligatory once the validity of the order is determined, with two exceptions, and a non-registering party may also avoid enforcement by contesting registration. A party seeking to vacate an order's registration has the burden of proving at least one of seven narrowly-defined defenses. While URESA required that the law applied be that of the enforcing state, UIFSA provides that the law of the issuing state governs obligations of support and payment of arrears.

**3. Divorce and Separation § 563 (NCI4th)— child support— foreign orders prior to 1 January 1996—UIFSA applicable**

UIFSA governs the proceedings over any foreign support order which is registered in North Carolina after 1 January 1996 and is applicable to an order issued prior to that date.

**4. Divorce and Separation § 564 (NCI4th)— New York child support order—FFCCSOA**

The trial court erred in failing to use New York law under the Federal Full Faith and Credit for Child Support Orders Act, FFCCSOA, in interpreting a child support order involving defendant's eighteen- and twenty-one-year-old sons. FFCCSOA, which is similar to UIFSA, obligates states to enforce a child support order issued by another state which is consistent with the Act's jurisdiction and due process standards. Modification is allowed only on two conditions, and it has been held that FFCCSOA requires that the law of the rendering state govern the order's interpretation.

Appeal by plaintiff from order entered 12 August 1996 by Judge Roland H. Hayes in Forsyth County District Court. Heard in the Court of Appeals 19 August 1997.

*Attorney General Michael F. Easley, by Associate Attorney General Robert A. Crabill, for plaintiff-appellant.*

*Paul Rager, defendant-appellee, pro se.*

TIMMONS-GOODSON, Judge.

This action arises out of plaintiff Rosemarie Welsher's attempt to enforce a New York child support order. Plaintiff and defendant Paul Rager were divorced in 1980. In 1985, plaintiff petitioned for a court order recognizing an agreement for support executed by plaintiff and defendant on 17 January 1985. The order entered on 11 February 1985 in Monroe County, New York District Court provided, in pertinent part, that defendant was to be "legally responsible for the support" of the couple's two sons, Jeremy (born 26 May 1974) and Michael (born 26 November 1976). The order obligated defendant to make payments of $45.00 per week. Defendant signed the order voluntarily, waiving his right both to be represented by an attorney and to object to the matter in family court.

Plaintiff still resides in New York. However, defendant has moved to Winston-Salem, North Carolina and has refused to make any of the $45.00 payments since 6 July 1995. At that time, Jeremy and Michael were twenty-one and eighteen, respectively, and Michael had just graduated from high school.

Plaintiff initiated the present action by filing a petition requesting registration and enforcement of the 1985 New York child support order in Forsyth County, North Carolina. At the time that this petition was filed, Jeremy and Michael were aged twenty-two and nineteen, respectively. The petition claimed arrearage of $1,789.64 as of 11 April 1996, and included both a copy of the original order for support and a copy of New York's Uniform Support of Dependent's Law section 31-3, which establishes the age of emancipation in the State of New York at twenty-one years.

Defendant responded by filing an "Answer for Civil Suit," which alleged, in pertinent part, that the couple's original 1980 divorce decree only obligated him to support the children until they were eighteen and out of high school; that he did not knowingly agree to pay support until the children reached twenty-one; and that he felt

that making support payments to an "adult" over the age of eighteen was unjustifiable. Accordingly, defendant asked that the court relieve him of any obligation under the 1985 order for support. The answer was made in an unverified written statement and included no documentation pertaining to the divorce decree. We note that at no time did defendant seek to modify his obligation based on Jeremy's emancipation.

The matter was heard by Judge Roland H. Hayes during the 30 July 1996 civil session of Forsyth County District Court. After hearing the arguments of both parties and examining plaintiff's evidence, the trial court granted defendant's motion to dismiss, and denied plaintiff's request for continued support. Plaintiff appeals.

[1][2] Plaintiff brings forth four assignments of error on appeal. However, in light of our conclusions in regards to plaintiff's assignments of error 3 and 4, we need not address plaintiff's first two assignments of error at this juncture. We, therefore, proceed immediately to plaintiff's third assignment of error by which she argues that the trial court erred in failing to apply New York law in deciding whether to enforce the 1985 New York support order. Plaintiff contends that the Uniform Interstate Family Support Act (UIFSA), recently enacted by the North Carolina General Assembly, requires that a support order be interpreted according to the law of the state in which it is issued. We agree.

The Uniform Reciprocal Enforcement of Support Act (URESA) was repealed by the North Carolina General Assembly effective 1 January 1996. In its place, the legislature adopted UIFSA in Chapter 52C of our General Statutes. Both URESA and UIFSA were promulgated and intended to be used as procedural mechanisms for the establishment, modification, and enforcement of child and spousal support obligations. See N.C. Gen. Stat. § 52C-3-301 (1995), official comment. Under URESA, a state had jurisdiction to establish, vacate, or modify an obligor's support obligation even when that obligation had been created in another jurisdiction. The result was often multiple, inconsistent obligations existing for the same obligor. Injustice has occurred in that obligors could avoid their responsibility by moving to another jurisdiction and having their support obligations modified or even vacated.

UIFSA was designed to correct this problem. See Patricia Wick Hatamyar, *Critical Applications and Proposals for Improvement of the Uniform Interstate Family Support Act and The Full Faith and*

*Credit for Child Support Orders Act,* 71 St. John's L. Rev. 1 (1997); David H. Levy & Cecilia A. Hynes, *Highlights of the Uniform Interstate Family Support Act,* 83 Ill. B.J. 647 (1997). UIFSA establishes a one order system whereby all states adopting UIFSA are required to recognize and enforce the same obligation consistently. A priority scheme is established for the recognition and enforcement of multiple existing support obligations. *See* N.C. Gen. Stat. § 52C-2-207(a) (1995). In instances where only one tribunal has issued a support order, that order becomes the one order to be recognized and enforced by states adopting UIFSA. *See* N.C.G.S. § 52C-2-207(a)(1). For example, the official comment to section 52C-6-603 of the North Carolina General Statutes notes,

> [a]lthough RURESA specifically subjects a registered order to "proceedings for reopening, vacating, or staying as a support order of this State," these remedies are not authorized under UIFSA. While a foreign support order is to be enforced and satisfied in the same manner as if it had been issued by a tribunal of the registering state, the order to be enforced remains an order of the issuing state. Conceptually, the responding state is enforcing the order of another state, not its own order.

N.C. Gen. Stat. § 52C-6-603 (1995), official comment. The one order system is applicable even where the state initiating the order has not adopted UIFSA.

Once the validity of the one order is determined, enforcement by the registering tribunal is obligatory, with two exceptions. The registering tribunal may vacate or modify the order if (1) both parties consent to the modification, or (2) the child, the obligor and the individual obligee have all permanently left the issuing state and the registering state can claim personal jurisdiction over all of them. *See* N.C. Gen. Stat. § 52C-2-205 (1995), official comment.

A non-registering party may also avoid enforcement of an order by successfully contesting its registration. Upon filing, a support order becomes registered in North Carolina and, unless successfully contested, must be recognized and enforced. N.C.G.S § 52C-6-603. The procedure for contesting a registered order is set out in Part Two of Article 6 of UIFSA, entitled "Contest of Validity of Enforcement." Under section 52C-6-607 of the General Statutes, a party seeking to vacate an order's registration has the burden of proving at least one of seven narrowly-defined defenses. The possible defenses are as fol-

lows: (1) the issuing tribunal lacked jurisdiction; (2) the order was fraudulently obtained; (3) the order has been vacated, suspended or modified; (4) the issuing tribunal has stayed the order pending appeal; (5) the remedy sought is not available in this state; (6) payment has been made in full or in part; and (7) enforcement is precluded by the statute of limitations. N.C. Gen. Stat. § 52C-6-607(a) (1995). If the defending party either fails to contest the registration or does not establish a defense under 52C-6-607(a), the registering tribunal is required by law to confirm the order. N.C.G.S. § 52C-6-607(c).

In terms of choice of law, URESA generally required that the law applied in interpreting and/or enforcing the support order be that of the state in which enforcement was sought. *See Pieper v. Pieper*, 90 N.C. App. 405, 368 S.E.2d 422 (holding that URESA could not be used to enforce a foreign support order requiring support until age 22 since such an order could not have been issued under North Carolina law), *aff'd*, 323 N.C. 617, 374 S.E.2d 275 (1988). However, UIFSA provides, "The law of the issuing state governs the nature, extent, amount, and duration of current payments and other obligations of support and the payment of arrears under the order." N.C. Gen. Stat. § 52C-6-604(a) (1995). The official comment to section 52C-6-604 notes that this means "an order for the support of a child until age 21 must be recognized and enforced in that manner in a state in which the duty of support of a child ends at age 18." N.C.G.S. § 52C-6-604, official comment.

In the case *sub judice*, the trial court was apparently operating under repealed URESA procedures. Plaintiff's petition includes a document entitled "Plaintiff's Statement of Fact for Registration of Foreign Support Order Under URESA." The trial court's order is written on a form which reads, in pertinent part, "before the undersigned Judge presiding over the Uniform Reciprocal Enforcement of Support Act (U.R.E.S.A.) Session of the Civil District Court. . . ."

Plaintiff's support order became registered in North Carolina upon filing. Applying the appropriate law, UIFSA, the record is devoid of a defense under section 52C-6-607 of the General Statutes, which would justify vacating a properly registered support order. Under UIFSA, unless the court finds that the defendant has met his burden of proving one of the specified defenses, enforcement is compulsory. The trial court's single finding of fact in the present case was that the children had reached eighteen. Under URESA, such a finding may have been sufficient to deny enforcement since North Carolina law

would have governed interpretation of the order, and provided for emancipation at eighteen. *See Pieper*, 90 N.C. App. 405, 368 S.E.2d 422. However, as URESA has been repealed, New York law, which provides that the age of emancipation is twenty-one, must be applied in enforcing the 11 February 1985 foreign order.

Moreover, the record is devoid of any evidence that either (1) both parties consented to a modification, or (2) the issuing state had lost continuing, exclusive jurisdiction over the order. Hence, no court of this jurisdiction may properly vacate or modify this order. *See* N.C.G.S. § 52C-2-205. If defendant wishes to have the order modified or vacated, he must pursue the matter in New York, which maintains continuing, exclusive jurisdiction over the order. *Id.*

[3] Although neither party raises the issue, it is important that we address the applicability of UIFSA to an order issued prior to the effective date of the Act. We now hold that UIFSA governs the proceedings over any foreign support order which is registered in North Carolina after 1 January 1996, UIFSA's effective date. This is consistent with the wording of the Act, which provides, in pertinent part, that the new law is "[applicable] to child support owed on or after [1 January 1996]," and keeps URESA laws in effect only for (1) "pending actions, rights, duties, or liabilities based on the Act," (2) "any penalty, forfeiture, or liability incurred under the Act," and (3) "for the purpose of sustaining any pending or vested right as of the effective date of this act and for the enforcement of rights, duties, penalties, forfeitures, and liabilities under the repealed laws." An Act to Improve the Enforcement of Child Support by Creating Additional Remedies, ch. 538, § § 7 and 8, 1 (1995). Further, North Carolina General Statutes section 52C-9-901 provides, "This Chapter shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this Chapter among the states enacting it." N.C. Gen. Stat. § 52C-9-901 (1995). Finally, our interpretation saves the courts from the arduous task of attempting to determine arrearage based on the application of two different sets of law to the same order. Other states addressing this issue have also applied the effective date of their own UIFSA laws in a similar way. *See Child Support Enforcement v. Brenckle*, 675 N.E.2d 390 (Mass. 1997) (applying UIFSA retroactively); *Cowan v. Moreno*, 903 S.W.2d 119 (Tex. Ct. App. 1995) (applying UIFSA to a 1982 foreign support order where UIFSA became effective in 1993). *But see Deltoro v. McMullen*, 471 S.E.2d 742 (S.C. Ct. App. 1996) (applying UIFSA prospectively due to a savings clause in the statute).

**[4]** In her final assignment of error, plaintiff contends that the trial court erred in failing to use New York law in interpreting the order, as required by the Federal Full Faith and Credit for Child Support Orders Act (FFCCSOA), 28 U.S.C. § 1738B. Again, we agree.

FFCCSOA, which became effective on 20 October 1994, is extremely similar to UIFSA both in terms of structure and intent. The federal statute also obligates states to enforce, according to its terms, a child support order issued by another state which is made consistent with the Act's jurisdiction and due process standards. *See Kelly v. Otte*, 123 N.C. App. 585, 474 S.E.2d 131, 134, *disc. review denied*, 345 N.C. 180, 479 S.E.2d 204 (1996). Modification of a valid order is only allowed if: (1) all parties have consented to the jurisdiction of the forum state to modify the order; or (2) neither the child nor any of the parties remains in the issuing state and the forum state has personal jurisdiction over the parties. *Id.* This Court has previously held that, while the law of the forum state may apply to the enforcement and remedy applied to a registered foreign support order under URESA, FFCCSOA requires that the law of the rendering state govern the order's interpretation. *Id.*

In light of this Court's decision in *Kelly*, the trial court's findings and conclusions are not consistent with the requirements of FFCCSOA. Absent a finding concerning both parties' consent to the jurisdiction of this state to modify this order, or New York's lack of continuing, exclusive jurisdiction over the order, the trial court was required to give the order full faith and credit, enforcing the order and interpreting it according to the law of New York. Failure to do so was error.

We note that the trial court, applying New York law could properly find that defendant was not liable for any arrearage as to Jeremy, because Jeremy had reached the age of 21 prior to the 6 July 1995 date on which defendant ceased to make court-ordered support payments. However, the trial court is still without authority to modify the $45.00 a week payment, as such modification is not allowed under UIFSA and FFCCSOA. The New York order does not provide a per child break-down regarding defendant's support obligation, but merely provides that $45.00 per week is to be paid for both children. Absent further knowledge as to whether an adjustment would be permitted under New York law for Jeremy's emancipation, and in what proportion, enforcement of the order in any amount less than $45.00 per week would be an impermissible modification of the New York

order. Defendant's only recourse, in this case, then, is to seek modification of his child support obligation in New York, based upon Jeremy's emancipation. *See State, Dept. of Rev. v. Skladanuk*, 683 So. 2d 624 (Fl. Dist. Ct. App. 1996) (holding that FFCCSOA prevented Florida court from modifying the terms of a New York order as written regardless of the defendant's inability to pay and that the defendant was required to seek modification of his child support obligation in New York).

In sum, because the trial court failed to apply New York law in accordance with UIFSA and FFCCSOA, its order is vacated, and this matter is remanded to the trial court for hearing and the entry of an order not inconsistent with this opinion.

Reversed and remanded.

Judges EAGLES and MARTIN, John C., concur.