725 So.2d 514 (1998)
STATE of Louisiana
v.
Alfred HANSON, IV.
No. 98-CA-0570.
Court of Appeal of Louisiana, Fourth Circuit.
November 18, 1998.
Harry Connick, District Attorney Parish of Orleans, Jeffrey Wayne Davidson, Elizabeth Chatelain, Assistant District Attorneys, New Orleans, LA, for Plaintiff.
Court composed of Judge STEVEN R. PLOTKIN and Judge CHARLES R. JONES, and Judge MIRIAM G. WALTZER.
JONES, Judge.
The State of Louisiana appeals the judgment of the juvenile court granting Defendant's motion for a blood test, and staying all child support proceedings in this matter, pending the results from the blood test. Having found this matter to be res nova, we reverse the judgment of the juvenile court and remand for further proceedings.
Ms. Carri Coates, on behalf of her minor child Kaylyn Michelle Coates, obtained a judgment for child support against the Defendant Alfred Bartholomew Hanson, IV, in the Iowa District Court for Dubuque County, Docket No. EQ CV 88424. The judgment was acquired on December 15, 1994, and the trial court ordered Mr. Hanson to pay $158 monthly, commencing on January 1, 1995. The judgment further declared Mr. Hanson to be the father of the minor child. The trial court also decreed that Mr. Hanson pay $16 per month for child support arrearages totaling $1,580 which had accumulated during the ten months prior to judgment.
The judgment was forwarded to the State of Louisiana on May 23, 1996, with a request to make the judgment executory and to enforce *515 it under the Uniform Interstate Family Support Act (UIFSA). Under UIFSA, Louisiana is permitted to participate in a cooperative federal state welfare program governed by Title IV of the Social Security Act, 42 U.S.C. Sections 601-622. In order to qualify for federal welfare funds, the State must comply with UIFSA's child support enforcement program as it relates to foreign states, as required under Title IV-D of the Social Security Act.
In compliance with URESA, Louisiana enacted the Uniform Reciprocal Enforcement Support Act (URESA) in 1975. Acts 1975, No. 117, Section 1, effective July 1, 1975. In 1993, URESA was re-enacted and amended into Chapter 1 of Title XIII of the Children's Code, Articles 1301, et seq. See Acts 1993, No. 442, §3, eff. June 9, 1993. However, no changes were made to the substantive law. In 1995, URESA was again amended, revised and enacted as the Uniform Interstate Family Support Act (UIFSA). See Acts 1995, No. 251, §1, eff. January 1, 1996.
The State argues that Children's Code Article 1303.3 is controlling. The statute states that:

Except as otherwise provided by this Chapter, a responding tribunal of this state shall:
(1) Apply the procedural and substantive law, including the rules on choice of law, generally applicable to similar proceedings originating in this state and may exercise all powers and provide all remedies available in those proceedings.
(2) Determine the duty of support and the amounts payable in accordance with the law and support guidelines of this state.
(Emphasis ours).
Thus, the State argues that we must look to the general laws of this State to determine whether Mr. Hanson's motion for a paternity test should be granted. The State relies upon Children's Code Article 1303.15 in arguing that the trial court erred in ordering blood testing in this proceeding, and should Mr. Hanson desire to challenge paternity, he must go to Iowa. We agree.
A party whose parentage of a child has been previously determined by or pursuant to law may not plead nonparentage as a defense to a proceeding under this Chapter.
LSA-Ch.C. Art. 1303.15
The State further argues that this change was one of only a few changes made by the legislature in 1995. The State argues that the few changes made are indicative of the legislature's intent to give full faith and credit to foreign judgments, and to facilitate a child's receipt of child support. We agree. To contest his paternity of the child, Mr. Hanson must return to the forum that rendered the judgment on paternity.

DECREE
We reverse, vacate and set aside the judgment of the trial court staying all proceedings pending the results of the paternity test. Further, we remand this matter to the Juvenile Court, reinstating the judgment of the Iowa district court making all child support payments executory.
VACATED AND REMANDED.