SOPHIE B. REID, Plaintiff v. PERRY L. DIXON, Defendant

No. COA99-159

(Filed 18 January 2000)

**Child Support, Custody, and Visitation— support—paternity test—not required—parentage previously determined under law**

Since an Alaskan decree had adjudged defendant-North Carolina resident to be the father of the subject child, the trial court's order requiring the parties to submit to paternity testing is reversed because North Carolina's enactment of the Uniform Interstate Family Support Act (UIFSA) does not allow a party whose parentage of a child has been previously determined under law to plead nonparentage as a defense in a proceeding to enforce the payment of child support. N.C.G.S. § 52C-3-314.

Appeal by the State on behalf of plaintiff from orders entered 13 August 1998 by Judge Wendy Enochs and 27 October 1998 by Judge Donald L. Boone in District Court, Guilford County. Heard in the Court of Appeals 3 January 2000.

*Michael F. Easley, Attorney General, by Susana E. Honeywell, Associate Attorney General, and Gerald K. Robbins, Assistant Attorney General, for the State.*

*No brief was filed by the defendant-appellee.*

WYNN, Judge.

Under North Carolina's enactment of the Uniform Interstate Family Support Act (UIFSA), a party whose parentage of a child has been previously determined under law may not plead nonparentage as a defense in a proceeding to enforce the payment of child support. N.C. Gen. Stat. § 52C-1 et seq. (1995). In the case at bar, although an Alaskan decree had adjudged the defendant to be the father of the subject child, our trial court allowed him to plead the defense of nonparentage in a UIFSA proceeding to enforce his child support obligation. Since our law does not condone a nonparentage defense in a UIFSA proceeding, we reverse the trial court's order requiring the parties to submit to paternity testing.

In 1994, Perry L. Dixon admitted in an Alaskan court to being the father of a child born to Sophie B. Reid. That court adjudged him to be the father of the child on 25 January 1995.

Mr. Dixon moved to North Carolina and in April 1998, the State of Alaska petitioned North Carolina under UIFSA to establish an order for child support, support for a prior period, and medical coverage. Mr. Dixon answered that petition by denying paternity of the child and requesting an order for paternity tests. In response, the North Carolina trial court ordered the taking of the paternity tests and further ordered that the registration of child support be placed in the inactive file until the State of North Carolina allowed the blood tests to be performed. This Court took review of this matter by granting a writ of certiorari and staying the trial court's order pending the outcome of this appeal.

Our General Assembly enacted UIFSA to provide a uniform method for handling interstate child support obligations. *See Welsher v. Rager,* 127 N.C. App. 521, 491 S.E.2d 661 (1997). The Act governs situations where another State seeks to enforce a child support order in North Carolina. N.C. Gen. Stat. § 52C-3-301 (1995).

N.C. Gen. Stat. § 52C-6-607 (1995) provides a number of defenses to the establishment or enforcement of a registered child support order; however, the defense of nonparentage is not listed among the

defenses. Indeed, Chapter 52C explicitly prohibits the defense of non-parentage when paternity has previously been established by a legal proceeding.

> A party whose parentage of a child has been previously determined by or pursuant to law may not plead nonparentage as a defense to a proceeding under this Chapter.

N.C. Gen. Stat. § 52C-3-314 (1995). This rule is unambiguous; when paternity has been previously established, a party cannot later plead nonparentage as a defense in a UIFSA proceeding. Further, the official comment to this section states that "this section mandates that a parentage decree rendered by another tribunal is not subject to collateral attack in a UIFSA proceeding."

Under the plain language of Chapter 52C, Mr. Dixon may not now assert the defense of nonparentage in this UIFSA proceeding because his paternity has already been established by another legal proceeding. *Accord, State v. Hanson*, 725 So.2d 514 (La. Ct. App. 1998) (holding that Louisiana's enactment of UIFSA prevented the defendant from asserting a paternity defense since his paternity had already been established by an Iowa court); *Beyer v. Metze*, 482 S.E.2d 789 (S.C. Ct. App. 1997) (holding that South Carolina's enactment of UIFSA prevented the defendant from asserting the defense of nonparentage since an Ohio family court had already determined paternity); *Villanueva v. Office of the Attorney General of Texas*, 935 S.W.2d 953 (Tex. Ct. App. 1996) (holding that Texas' enactment of UIFSA explicitly forbade a paternity defense when paternity had been established by another legal proceeding).

Since N.C. Gen. Stat. § 52C-3-314 explicitly bars the defense of nonparentage when paternity has already been established, we hold that the trial court erred in allowing Mr. Dixon to challenge his paternity of the subject child in North Carolina. Accordingly, the orders of the trial court are

Vacated.

Chief Judge EAGLES and Judge WALKER concur.