PATRICIA S. LOMBARDI, PLAINTIFF v. DONALD C. LOMBARDI, DEFENDANT

No. COA02-474

(Filed 6 May 2003)

**1. Child Support, Custody, and Visitation— foreign support order—modification—emancipation**

The trial court did not err in a child support modification case by concluding that North Carolina did not require defendant father to continue his child support obligations of a foreign support order originally entered by a New Jersey court under that state's laws regarding the parties' mentally retarded daughter who was born in May 1964, because: (1) New Jersey had lost continuing, exclusive jurisdiction over the order because defendant father now lives in Maryland and plaintiff mother and the daughter reside in North Carolina; (2) contrary to New Jersey law which sets no fixed age at which the obligation to pay child support terminates but looks at the demonstrable needs of the child, N.C.G.S. § 50-13.4(c) provides that in the absence of an agreement otherwise, a parent is no longer required to pay for child support for a dependent child regardless of disability once that child reaches the age of eighteen and graduates from secondary school or until the age of twenty if still enrolled in secondary school or its equivalent; and (3) contrary to plaintiff mother's assertion, N.C.G.S. § 52C-6-611(c) does not prevent the modification of the original order since the New Jersey court's determina-

tion that the party's child was unemancipated was not a final nonmodifiable term of the order.

**2. Child Support, Custody, and Visitation— foreign support order—modification—substantial change in circumstances—failure to conduct evidentiary hearing**

The trial court did not err in a child support modification case by declaring the parties' mentally retarded child ineligible for continuing child support and by failing to conduct an evidentiary hearing to determine whether there had been a substantial change in circumstances since the entry of a prior New Jersey order, because: (1) in North Carolina a parent is no longer responsible for child support for a dependent child who has reached the age of eighteen and graduated from secondary school or until the age of twenty if still enrolled in secondary school or its equivalent; and (2) the North Carolina General Assembly has not established an exception for disabled children.

Appeal by plaintiff from judgment entered 30 January 2002 by Judge L.T. Hammond in Rowan County District Court. Heard in the Court of Appeals 29 January 2003.

*Robert L. Inge, for plaintiff-appellant.*

*Mary R. Blanton, for defendant-appellee.*

HUDSON, Judge.

Plaintiff Patricia S. Lombardi and defendant Donald C. Lombardi were divorced in New Jersey in 1984. As part of the divorce, the New Jersey court ordered that defendant pay a fixed sum per week for the support of the parties' daughter, who is mentally retarded. Plaintiff later moved to North Carolina, and defendant registered the child support order here and requested that his child support obligations be terminated under North Carolina law. The trial court agreed, finding that North Carolina did not require defendant to continue to support his daughter. For the reasons set forth below, we affirm the decision of the trial court.

BACKGROUND

Plaintiff and defendant were married in July 1963 and divorced by judgment of divorce filed in April 1984 in New Jersey. The parties have a daughter Corinne, born May 1964, who is mentally retarded.

The judgment of divorce required defendant to pay $50 per week for Corinne's support.

By order of the New Jersey superior court dated May 2, 1988, the court found that Corinne was unable to be employed full time and therefore was deemed unemancipated. Defendant was ordered to continue to pay $50 per week as support. On June 2, 1998, the New Jersey court increased defendant's support obligation to $150 per week. The court again indicated in its order that Corinne was unemancipated. Defendant filed a request for reconsideration, which the court denied in July 1998.

After entry of the 1998 order, plaintiff moved from New Jersey to North Carolina. Defendant moved from New Jersey to Maryland. On September 25, 2001, defendant filed in North Carolina a notice of registration of foreign support order with the New Jersey court's orders attached. He also filed a motion in the district court to terminate his child support obligation. At the hearing on January 25, 2002, the court terminated defendant's child support obligation because it found that Corinne was no longer eligible for child support under North Carolina law.

Plaintiff appeals.

## ANALYSIS

### A.

[1] Before us is a child support order, originally entered by a New Jersey court pursuant to that state's law. Currently, none of the parties live in New Jersey; plaintiff and Corinne live in North Carolina, and defendant lives in Maryland. Defendant has registered the support order in North Carolina and is attempting to modify it in a North Carolina court. Accordingly, we must decide whether the district court in North Carolina properly modified the order issued in New Jersey to comply with North Carolina law.

The Uniform Interstate Family Support Act ("UIFSA"), codified as Chapter 52C of the North Carolina General Statutes, sets out procedures for the interstate establishment, enforcement, and modification of child and spousal support obligations. N.C. Gen. Stat. § 52C-1-103 official commentary (2001); *Butler v. Butler*, 152 N.C. App. 74, 78, 566 S.E.2d 707, 709 (2002). UIFSA governs the proceedings involving any foreign support order registered in North Carolina after January 1, 1996, UIFSA's effective date. *Welsher v. Rager*, 127 N.C. App. 521, 527, 491 S.E.2d 661, 664 (1997).

LOMBARDI v. LOMBARDI

[157 N.C. App. 540 (2003)]

Once a foreign child support order has been registered in North Carolina, it can be modified by a North Carolina court only if the issuing state has lost continuing, exclusive jurisdiction over the order. N.C. Gen. Stat. § 52C-2-205 and official commentary (2001). For that to occur, (1) neither the parties nor the child may still reside in the issuing state; (2) the party seeking modification must be a nonresident of North Carolina; and (3) the respondent must be subject to the personal jurisdiction of the North Carolina court. N.C. Gen. Stat. §§ 52C-2-205, 6-611. As indicated above, all three elements are met here, which means that New Jersey, the issuing tribunal, has lost its continuing, exclusive jurisdiction to modify its support order.

Once North Carolina has obtained modification jurisdiction, our courts must apply the law of the forum—with one exception. Pursuant to N.C. Gen. Stat. § 52C-6-611(c), a "tribunal of this State may not modify any aspect of a child support order that may not be modified under the law of the issuing state." In other words, subsection (c) prevents the modification of any final, nonmodifiable aspect of the original order. N.C. Gen. Stat. § 52C-6-611(c) official commentary (2001).

Here, the only aspect of the New Jersey order that plaintiff claims to be final and nonmodifiable is the New Jersey court's determination that Corinne was unemancipated. Under North Carolina law, in the absence of an agreement otherwise, a parent is no longer required to pay for child support for a dependent child, regardless of disability, once that child reaches the age of 18 and graduates from secondary school or until the age of 20 if still enrolled in secondary school or its equivalent. N.C. Gen. Stat. § 50-13.4(c).

New Jersey law, to the contrary, sets no fixed age at which the obligation to pay child support terminates. Rather, the demonstrable needs of the child, not the child's age, determine the duty of support. N.J. Stat. Ann. § 2A:34-23 (indicating that support is based on the court's determination of what the "circumstances of the parties and the nature of the case shall render fit, reasonable and just"). New Jersey recognizes that the age of majority is eighteen years. N.J. Stat. Ann. § 9:17B-3. However, the child's reaching that age has no bearing on the duration of or limitation to parents' obligations to support a child. Duration is a question of fact that hinges on the court's determination of whether or not the child is emancipated. "Whether a child is emancipated at age 18, with the correlative termination of the right to parental support, depends upon the facts of each case." *Newburgh v. Arrigo*, 88 N.J. 529, 543, 443 A.2d 1031, 1038 (1982).

We do not believe that the New Jersey court's determination that Corinne was unemancipated is a final, nonmodifiable term of the order. Our careful review of New Jersey case law reveals that New Jersey courts do not regard a finding of emancipation as permanent and instead view it as a fact-specific inquiry dependent upon the "intricacies and various operative facts of each matter." *Monmouth County Div. of Social Servs. v. C.R.*, 316 N.J. Super. 600, 616, 720 A.2d 1004, 1012 (1998). For example, in *Bishop v. Bishop*, the New Jersey court engaged in a detailed inquiry before concluding that the child, a twenty-year-old cadet enrolled at the United States Military Academy at West Point, was emancipated. 287 N.J. Super. 593, 604, 671 A.2d 644, 649 (1995). The court found that the cadet, as an active-duty member of the United States Army, owed his allegiance to the president of the United States as commander of chief of the military, not to his parents. *Id.* at 603-04, 671 A.2d at 649. The government, not the parents, provided for all the cadet's educational needs and virtually all his material requirements, such as food, housing, and medical care. *Id.* In sum, because the mother "relinquished any remaining control and responsibility over her son," by virtue of the son's enrollment at West Point, the father was held to be relieved from his support obligations for the child. *Id.* at 604, 671 A.2d at 649.

In fact, New Jersey courts have specifically held that emancipation is not an immutable concept. In *Sakovits v. Sakovits*, 178 N.J. Super. 623, 429 A.2d 1091 (1981), the court explained that "[w]hen a declaration of emancipation is entered, all a judge has before him are the facts as they exist at that time." *Id.* at 631, 720 A.2d at 1096. Accordingly, the court held that even though a child may have been declared emancipated at one time, circumstances may change, such that a previously emancipated child is no longer emancipated and the parents in a given case may be required to contribute to the college education of the child. *Id.*; see also *Balding v. Balding*, 241 N.J. Super. 414, 418, 575 A.2d 66, 68 (1990).

In sum, we conclude that since the New Jersey court's finding that Corinne was unemancipated is not a final, nonmodifiable part of the order, its determination that defendant owes support is also modifiable. Pursuant to N.C. Gen. Stat. § 52C-6-611, the North Carolina court can modify the support order to comply with North Carolina law such that defendant is no longer required to pay for Corinne's support. Further, "[o]n issuance of an order modifying a child support order issued in another state, a tribunal of this State becomes the tribunal of continuing, exclusive jurisdiction." N.C. Gen. Stat. § 52C-6-611(d).

**[2]** Plaintiff also argues that the trial court erred when it failed to conduct an evidentiary hearing to determine whether or not there had been a substantial change in circumstances since the entry of the prior order. We disagree.

As set forth above, under UIFSA, the North Carolina court can modify the New Jersey court's determination that Corinne was unemancipated. In so doing, the court applies North Carolina law. N.C. Gen. Stat. § 52C-6-611(b) & (c). North Carolina law is clear that, absent a contrary agreement, a parent is no longer responsible for child support for a dependent child who has reached the age of 18 and graduated from secondary school or until the age of 20 if still enrolled in secondary school or its equivalent. N.C. Gen. Stat. § 50-13.4(c). The North Carolina General Assembly has established no exception for disabled children. *Id.* Accordingly, we must conclude that the trial court had no choice but to declare Corinne ineligible for continuing child support. An evidentiary hearing was not required.

CONCLUSION

For the reasons set forth above, we affirm the decision of the trial court.

Affirmed.

Judges MARTIN and STEELMAN concur.