BRENDA UHRIG, Plaintiff v. DOUGLAS L. MADARAS, Defendant

No. COA04-1667

(Filed 1 November 2005)

**Child Support, Custody, and Visitation— support—foreign order—full faith and credit**

The trial court did not err by finding that the 1991 Tennessee child support order was controlling in this case instead of a 1989 Washington state child support order, that defendant had paid all child support due under the Tennessee order, and that defendant owed no outstanding arrearages, because: (1) 28 U.S.C. § 1738B(e)(2) provides that a child support order may be modified by a sister state if the rendering state has lost continued, exclusive jurisdiction over the child support order if neither the child nor any of the parties continue to reside in the state or if each of the parties consented to the assumption of jurisdiction by another state; (2) although in 1986 the Washington trial court entered the original child support order, in 1988 Tennessee became the state with continuing exclusive jurisdiction over the parties since defendant and both children resided in Tennessee and both parties entered into an Agreed Order whereby they consented to Tennessee's jurisdiction over the child support order; (3) although, plaintiff moved back to Washington with the two children in 1988, defendant never again resided in Washington nor did he consent to Washington assuming jurisdiction, and thus, any action by Washington in 1989 was invalid and not entitled to full faith and credit as Washington had no authority to act; and (4) plaintiff never attempted to have the 1991 Tennessee child support order modified after defendant left Tennessee and moved to North Carolina.

UHRIG v. MADARAS

[174 N.C. App. 357 (2005)]

Appeal by plaintiff from judgment entered 23 September 2004 by Judge Marvin P. Pope, Jr. in Buncombe County District Court. Heard in the Court of Appeals 10 October 2005.

*Attorney General Roy Cooper, by Special Deputy Attorney General Gerald K. Robbins, for plaintiff-appellant.*

*Pitts, Hay & Hugenschmidt, P.A., by James J. Hugenschmidt, for defendant-appellee.*

STEELMAN, Judge.

Plaintiff, Brenda Uhrig, appeals the trial court's order dismissing her attempted registration of a 1989 Washington state child support order. For the reasons discussed herein, we affirm.

Plaintiff and defendant, Douglas Madaras, were married and had two children. In 1986, plaintiff and defendant were granted an absolute divorce in Washington. Defendant was awarded custody and plaintiff was ordered to pay $25.00 per month in child support. Shortly after receiving custody, defendant and the minor children moved to Tennessee and plaintiff moved to California. By the end of 1986 neither plaintiff, defendant, nor the children were living in Washington.

In October 1987, while living in California, plaintiff filed a petition in Tennessee seeking custody of the children and child support. After filing this petition, plaintiff moved to North Carolina. On 27 June 1988, the parties entered into an Agreed Order in Tennessee. Plaintiff was granted custody of the children and defendant was ordered to pay $50.00 per month in child support. At the time the 1988 Agreed Order was entered, defendant and the children had been living in Tennessee for more than six months.

In 1989, plaintiff and the children moved back to Washington. Plaintiff filed a motion in the original divorce action in Washington seeking to modify the terms of the Agreed Order entered in Tennessee. Defendant was served with a copy of the motion, but did not respond or appear. On 26 October 1989, the Washington court issued an order increasing defendant's child support obligation to $872.00 per month.

In 1990, plaintiff filed a petition in Tennessee to enforce the 1989 Washington order. On 14 September 1990, a Tennessee court determined defendant was in arrears under the 1989 Washington order in the amount of $9,141.00. Tennessee entered another order on 26

November 1990 finding arrearages in the amount of $10,082.96. On 17 April 1991, upon its own motion, the Tennessee court set aside its orders of 6 September 1990 and 8 November 1990. In that order, the Tennessee court found defendant was not in arrears and ordered him to pay $44.00 per week in child support. This was the last order entered in this case. No appeal was taken from this order by either party and it became a final order. Sometime after the 1991 Tennessee order was entered, defendant moved to North Carolina.

Defendant continued to pay child support payments as directed by the 1991 Tennessee order. On 22 October 2003, plaintiff filed a Notice of Registration of Foreign Support Order in Buncombe County District Court, seeking enforcement of the 1989 Washington order. In response to the Notice of Registration, defendant asserted the 1991 Tennessee order superceded the 1989 Washington order and he had made all payments required by the 1991 Tennessee order. In addition, defendant asserted a number of affirmative defenses.

The matter came on for hearing in the Buncombe County District Court. On 23 September 2004, the trial court found that the 1989 Washington order was not the controlling order, and therefore, was not entitled to enforcement. The trial court ruled the 1991 Tennessee order was controlling, that defendant had paid all support due under that order, and dismissed plaintiff's action. Plaintiff appeals.

Plaintiff contends the trial court erred in ruling that the 1991 Tennessee order superceded the 1989 Washington order, and as a result, defendant did not owe any arrearages for child support. We disagree.

We first address whether this matter is governed by the Uniform Reciprocal Enforcement of Support Act (URESA) or the Uniform Interstate Family Support Act (UIFSA). Plaintiff contends that URESA applies because the support orders were entered prior to the enactment of UIFSA on 1 January 1996, and that both the 1989 Washington order and the 1991 Tennessee order are valid and enforceable. *See Twaddell v. Anderson*, 136 N.C. App. 56, 62, 523 S.E.2d 710, 715 (1999) (noting that under URESA, a subsequent order does not necessarily nullify a prior order). We disagree.

UIFSA governs the proceedings concerning the enforceability of any foreign support order that is registered in North Carolina after 1 January 1996. *Welsher v. Rager*, 127 N.C. App. 521, 527, 491 S.E.2d 661, 664 (1997) (holding UIFSA applied to a 1985 New York support

order registered in North Carolina in 1996). A support order becomes registered in North Carolina upon its filing. *Id.* at 525, 491 S.E.2d at 663 (citing N.C. Gen. Stat. § 52C-6-603). Plaintiff registered the 1989 Washington support order in North Carolina in 2001, well after the effective date of UIFSA. Therefore, UIFSA applies. Where UIFSA applies, there can only be one controlling support order at any given time. *Id.*

Next, we must determine which order was controlling, the 1989 Washington order or the 1991 Tennessee Order. The federal Full Faith and Credit Child Support Order Act (FFCCSOA), as amended in 1996, created a framework for dealing with multiple foreign support orders to determine which order controls, as well as provide that order with full faith and credit. *See* 28 U.S.C. § 1738B (2005); *Twaddell,* 136 N.C. App. at 64, 523 S.E.2d at 716. The FFCCSOA is binding on all states and supersedes any inconsistent provisions of state law. *Kelly v. Otte,* 123 N.C. App. 585, 598, 474 S.E.2d 131, 134 (1996). The FFCCSOA is virtually identical to UIFSA, both in terms of structure and intent. *Welsher,* 127 N.C. App. at 528, 491 S.E.2d at 665. A child support order may be modified by a sister state only if the rendering state has lost continued, exclusive jurisdiction over the child support order. 28 U.S.C. § 1738B(e). Such jurisdiction is lost in two situations: (1) if neither the child nor any of the parties continue to reside in the state; or (2) if each of the parties consented to the assumption of jurisdiction by another state. 28 U.S.C. § 1738B(e)(2).

Both of these situations are present in this case. In 1986, the Washington trial court entered the original child support order requiring plaintiff to pay defendant $25.00 per month. By 1988, neither party nor the children were living in Washington. As a result, Washington lost jurisdiction over the matter. In 1988, Tennessee became the state with continuing, exclusive jurisdiction over the parties: defendant and both children resided in Tennessee, and both parties entered into an Agreed Order, whereby they consented to Tennessee's jurisdiction over the child support order. Although, plaintiff moved back to Washington with the two children in 1988, defendant never again resided in Washington, nor did he consent to Washington assuming jurisdiction. Accordingly, any action by Washington in 1989 was invalid and not entitled to full faith and credit as Washington had no authority to act. Further, plaintiff never attempted to have the 1991 Tennessee child support order modified after defendant left Tennessee and moved to North Carolina. Therefore, the last valid and enforceable order was the 1991 Tennessee order.

The trial court did not err in finding that the 1991 Tennessee child support order was controlling in this case, that defendant had paid all child support due under that order, and that defendant owed no outstanding arrearages. For the reasons discussed herein, we affirm the trial court.

AFFIRMED.

Chief Judge MARTIN and Judge HUNTER concur.