STATE OF NORTH CAROLINA BY AND THROUGH THE ALBEMARLE CHILD SUP-
PORT ENFORCEMENT AGENCY, EX REL., SHAWN L. JOHNSON, PLAINTIFF v.
ROBERT B. EASON, DEFENDANT

No. COA08-1432

(Filed 7 July 2009)

### 1. Child Support, Custody, and Visitation— Florida support petition—notarization

The trial court did not err when it denied defendant's motion to dismiss a child support petition from Florida based on its determination that plaintiff's petition was verified. Although defendant asserts that the Florida notarization of the petition was void because it did not reflect the type of identification relied upon to verify plaintiff's identity, no Florida case was found stating that a notarization was void for failing to indicate this information when there are no allegations of fraud or injury and all other statutory requirements were met.

### 2. Appeal and Error— preservation of issues—grounds not raised at trial

Assignments of error concerning a Florida child support petition were not preserved for appeal where defendant requested that the appellate court review the trial court's decisions on grounds other than those he raised before the trial court.

Appeal by defendant from order entered 2 July 2008 by Judge Eula E. Reid in Camden County District Court. Heard in the Court of Appeals 20 April 2009.

*Roy Cooper, Attorney General, by Gerald K. Robbins, Special Deputy Attorney General, for the State.*

*Frank P. Hiner, IV, for defendant-appellant.*

STATE EX REL. JOHNSON v. EASON

[198 N.C. App. 138 (2009)]

MARTIN, Chief Judge.

Shawn L. Johnson and defendant, Robert B. Eason, were married to each other on 1 July 1998 in Virginia. Defendant thereafter adopted Ms. Johnson's son. The parties separated on 17 September 2001, and the marriage was declared void and was annulled in Virginia on 30 May 2002 on grounds that Ms. Johnson "had not legally dissolved an earlier marriage." On 11 April 2007, Ms. Johnson, a resident of the State of Florida, signed a Uniform Support Petition seeking child support and medical insurance coverage for the child, C.L.E., as well as recovery of retroactive support owed to the State of Florida paid for the benefit of the child, from defendant, who was then a resident of the State of North Carolina. The petition was signed and dated by Florida-commissioned notary public D. Harrison, Commission No. DD509426, who affixed a State of Florida notary seal to the signed petition. The State of Florida initiated this civil action under the Uniform Interstate Family Support Act ("UIFSA") by forwarding Ms. Johnson's petition to the State of North Carolina. The petition was filed in Camden County on 24 July 2007, along with a Child Support Enforcement Transmittal #1 Initial Request form and a ten-page General Testimony form, which was signed by Ms. Johnson and notarized in the same manner as the petition.

On 25 July 2007, defendant was served with the petition and a summons for a proceeding brought by the State of North Carolina for relator Ms. Johnson ("plaintiff"). On 24 September 2007, defendant filed a pleading entitled Motion to Dismiss; Answer; Affirmative Defenses. Defendant's motion to dismiss was based "on the grounds that plaintiff failed to state a claim upon which relief can be granted . . . based upon the notary public's allegedly improper acknowledgment of relator's signature on the petition and as to the form of the petition." After a hearing, the trial court denied defendant's motion to dismiss, determining that "[t]he petition received into evidence as plaintiff's exhibit 1, as well as the notary public's acknowledgment affixed thereto, substantially conforms with the forms mandated by federal law." The court granted plaintiff's request for child support, medical insurance coverage, and reimbursement of retroactive support owed to the State of Florida, and ordered that income withholding be instituted against defendant. Defendant gave timely notice of appeal to this Court from the district court's order.

[1] "Child support orders are accorded substantial deference by appellate courts and we must limit our review to a 'determination of

whether there was a clear abuse of discretion.' " *Hendricks v. Sanks*, 143 N.C. App. 544, 548, 545 S.E.2d 779, 781 (2001) (quoting *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)). However, in the present case, defendant contends the trial court erred as a matter of law when it determined that plaintiff's support petition was properly verified in accordance with the statutory requirements of Chapter 52C of the North Carolina General Statutes. Accordingly, "[w]here a party asserts an error of law occurred, we apply a *de novo* standard of review." *State ex rel. Lively v. Berry*, 187 N.C. App. 459, 462, 653 S.E.2d 192, 194 (2007) (quoting *Craven Reg'l Med. Auth. v. N.C. Dep't of Health & Hum. Servs.*, 176 N.C. App. 46, 51, 625 S.E.2d 837, 840 (2006)).

"Our General Assembly enacted UIFSA to provide a uniform method for handling interstate child support obligations." *Reid v. Dixon*, 136 N.C. App. 438, 439, 524 S.E.2d 576, 577 (2000) (citing *Welsher v. Rager*, 127 N.C. App. 521, 491 S.E.2d 661 (1997)); *see also* N.C. Gen. Stat. § 52C-9-901 (2007) (providing that UIFSA, codified in Chapter 52C, "shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this Chapter among states enacting it").

N.C.G.S. § 52C-3-310(a) provides, in part, that "[a] petitioner seeking to establish or modify a support order or to determine parentage in a proceeding under [UIFSA] *must verify the petition.*" N.C. Gen. Stat. § 52C-3-310(a) (2007) (emphasis added). In the present case, the parties agree that the petition at issue included the following: (1) the signature of Ms. Johnson, dated 11 April 2007, below a statement that read, "Under penalties of perjury, all information and facts stated in this Petition are true to the best of my knowledge and belief"; and (2) the signature of a Florida-commissioned notary public, dated 11 April 2007, next to a statement that read, "Sworn to and Signed Before Me," accompanied by the State of Florida's notary seal, which included the notary public's printed name, commission number, and the expiration date of said commission. However, defendant asserts the trial court erred by denying his motion to dismiss because the Florida- commissioned notary public did not notarize plaintiff's petition in accordance with *Florida* law. Thus, defendant contends plaintiff's petition was not properly verified and so deprived the trial court of subject matter jurisdiction to hear the matter.

Chapter 52C does not set forth the procedures with which a petitioner must comply to verify his or her petition in accordance with N.C.G.S. § 52C-3-310 in a UIFSA proceeding. Therefore, in the ab-

sence of any such specific requirements, in order to determine whether plaintiff's petition was verified in this case, we apply the requirements for verification established by Rule of Civil Procedure 11(b) and N.C.G.S. § 1-148. *Cf. In re Triscari Children,* 109 N.C. App. 285, 287, 426 S.E.2d 435, 437 (1993) ("[B]ecause the procedure set forth in the termination of parental rights provisions requires a verified petition, and verification is not defined in chapter 7A, the requirements for verification established in chapter 1A, Rule 11(b) should determine whether the pleading has been properly verified.").

"Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit." N.C. Gen. Stat. § 1A-1, Rule 11(a) (2007). However, if a rule or statute requires that a pleading be verified, Rule 11(b) requires that such a pleading "shall state in substance that the contents of the pleading verified are true to the knowledge of the person making the verification, except as to those matters stated on information and belief, and as to those matters he believes them to be true," and requires that such a verification "shall be by affidavit of the party." N.C. Gen. Stat. § 1A-1, Rule 11(b). Additionally, N.C.G.S. § 1-148 provides:

> Any officer competent to take the acknowledgment of deeds, and any judge or clerk of the General Court of Justice, *notary public, in or out of the State,* or magistrate, *is competent to take affidavits for the verification of pleadings,* in any court or county in the State, and for general purposes.

N.C. Gen. Stat. § 1-148 (2007) (emphasis added); *see also Rockingham Cty. Dep't of Soc. Servs. ex rel. Shaffer v. Shaffer,* 126 N.C. App. 197, 199, 484 S.E.2d 415, 416-17 (1997) ("Verification by affidavit requires that the verification be 'sworn to before a notary public or other officer of the court authorized to administer oaths.' ") (citing 1 G. Gray Wilson, *North Carolina Civil Procedure* § 11-7, at 196 (2d ed. 1995)).

Moreover, while the General Assembly has expressly provided that pleadings may be verified by notaries public from other jurisdictions, *see* N.C. Gen. Stat. § 1-148, it has further provided that a notarial act *"performed in another jurisdiction in compliance with the laws of that jurisdiction is valid* to the same extent as if it had been performed by a notary commissioned under [our Notary Public Act] if . . . performed by . . . any person authorized to perform notarial acts in that jurisdiction." N.C. Gen. Stat. § 10B-20(f) (2007) (emphasis added). Accordingly, since a petition—which serves as the pleading— in a UIFSA proceeding must be verified, and since such a petition may

be verified by a notary public from another state, we must now determine whether the petition filed by plaintiff in the present case was notarized by the Florida-commissioned notary public in compliance with the laws of the State of Florida.

According to Florida law, "[w]hen notarizing a signature, a notary public shall complete a jurat or notarial certificate . . . of acknowledgment" which "shall contain the following elements:"

  (a) The venue stating the location of the notarization in the format, "State of Florida, County of _____."

  (b) The type of notarial act performed, an oath or an acknowledgment, evidenced by the words "sworn" or "acknowledged."

  (c) That the signer personally appeared before the notary public at the time of the notarization.

  (d) The exact date of the notarial act.

  (e) The name of the person whose signature is being notarized. It is presumed, absent such specific notation by the notary public, that notarization is to all signatures.

  (f) The specific type of identification the notary public is relying upon in identifying the signer, either based on personal knowledge or satisfactory evidence specified in subsection (5).

  (g) The notary's official signature.

  (h) The notary's name, typed, printed, or stamped below the signature.

  (i) The notary's official seal affixed below or to either side of the notary's signature.

Fla. Stat. § 117.05(4) (2008). Subsection (5) of F.S. § 117.05, which is referenced in subsection (4)(f) above, additionally provides that "[a] notary public may not notarize a signature on a document unless he or she personally knows, or has satisfactory evidence, that the person whose signature is to be notarized is the individual who is described in and who is executing the instrument." Fla. Stat. § 117.05(5) (providing further that "[a] notary public *shall certify* in the certificate of acknowledgment or jurat *the type of identification,* either based on personal knowledge or other form of identification, *upon which the notary public is relying*") (emphasis added).

STATE EX REL. JOHNSON v. EASON

[198 N.C. App. 138 (2009)]

In the present case, when the Florida-commissioned notary public notarized Ms. Johnson's support petition, the notary failed to indicate on the jurat of the petition the type of identification upon which he relied to identify Ms. Johnson, in contravention of the express language of F.S. § 117.05(4)(f). Moreover, defendant directs this Court's attention to a 1973 Opinion from the Office of the Attorney General of the State of Florida that cites the then-elements of notarization, codified at the time in F.S. §§ 117.07(1), (2), and 117.09(1)—which required that there "must be reasonable proof of the identity of the person whose signature is being notarized" but did not require, as F.S. § 117.05 does now, that the type of proof upon which the notary relies must be indicated on the jurat—and concludes: "Under these statutory provisions, I am of the opinion that notarization of a document cannot reach completion until a notary public has complied with the aforesaid statutory requirements." Elements of Act of Notarization—Duties Related Thereto, Op. Att'y Gen. Fla. No. 073-185 (May 24, 1973) (internal quotation marks omitted) (responding to the question, "When a notary public watches an individual sign a document and the document is held by a person other than the notary public until a later date, at which time the notary affixes his signature, stamp, and seal upon said document, when does a notarization occur . . . ?"). However, we are not persuaded by defendant's argument that the Florida-commissioned notary public's failure to indicate on the jurat of the petition the type of identification upon which he relied to identify Ms. Johnson at the time she signed the petition, *standing alone*, required the district court to conclude that "the verification [of plaintiff's support petition] was therefore *void* for failing to comply with Florida law." (Emphasis added.)

In the present case, there is no dispute that the notary public properly identified Ms. Johnson at the time that she signed the support petition. In fact, the documents before us indicate that D. Harrison, who notarized both Ms. Johnson's petition and the ten-page General Testimony form referenced therein, is, also the agency representative for the Escambia County Child Support Enforcement Office who assisted Ms. Johnson with completing the support petition and the thirteen pages of accompanying documents that were forwarded to this State to initiate UIFSA proceedings. There is also no dispute that Ms. Johnson was present at the time the petition was notarized. *But cf. Griem v. Zabala*, 744 So. 2d 1139, 1140, 24 Fla. L. Weekly D2442, D2443 (Fla. 3d Dist. Ct. App. 1999) (per curiam) (concluding that there was "insufficient evidence to support a finding that the Zabalas had a valid deed" because "the notary testified at trial that

she had never met the Griems prior to trial nor were they in her presence when she notarized the deed"). Moreover, defendant does not allege fraud or injury as a result of the notary's omission. Instead, defendant asserts only that the notarization is void because the notary public failed to amend the pre-printed jurat of the Uniform Support Petition to reflect the type of identification upon which he relied to verify Ms. Johnson's identity.

Defendant has not presented, nor have we found, any Florida case stating that a notarization which fails to indicate the information required by F.S. § 117.05(4)(f) will render such a notarization void when (1) there are no allegations of fraud or injury as a result of the clerical omission and (2) the evidence in the record suggests that the notary public properly complied with all other statutory requirements in Chapter 117 of the Florida Statutes, and we decline to make such a determination. *Cf. House of Lyons, Inc. v. Marcus*, 72 So. 2d 34, 36 (Fla. 1954) (per curiam) (" 'Clerical errors will not be permitted to defeat acknowledgments [for deeds and other instruments that must be acknowledged or proven so that they may be recorded] when they, considered either alone or in connection with the instrument acknowledged, and viewed in the light of the statute controlling them, fairly show a substantial compliance with the statute.' ") (quoting *Summer v. Mitchell*, 29 Fla. 179, 180, 10 So. 562, 562 (Fla. 1892)); *Cleland v. Long*, 34 Fla. 353, 357, 16 So. 272, 273 (Fla. 1894). Therefore, we conclude that the district court did not err when it denied defendant's motion to dismiss based on the court's determination that plaintiff's petition was verified, and we overrule this assignment of error. Our holding renders it unnecessary to address defendant's contention that a failure to properly verify a UIFSA petition deprives the district court of subject matter jurisdiction to establish or modify a support order or to determine parentage in a proceeding under Chapter 52C. Accordingly, we dismiss this assignment of error.

[2] In his remaining assignments of error, defendant contends the trial court erred by: (1) admitting Plaintiff's Exhibit 3—defendant's employer verification letter, which is said to have been submitted for the purpose of establishing defendant's monthly gross income for use in the calculation of his child support obligation—because "the State failed to establish the identity of the alleged person who signed the document (employer or employer designee?)"; and (2) admitting Plaintiff's Exhibit 1—plaintiff's support petition—because the "actual Exhibit entered into evidence" was "a one[-]page document consisting of the first page of the child support enforcement transmittal

request with a file stamp, from the Camden County Clerk's Office" which "ha[d] no signature, [wa]s not verified and d[id] not provide the proper information for the trial court to make a ruling concerning child support."

According to the hearing transcript in the record, defendant objected to Plaintiff's Exhibit 3 on the grounds that it was "unverified hearsay," stating: "There's no notary. It's not verified. It's not given under oath. It's simply a letter. And that, from every way you look at it, is obviously hearsay. So I would object." Additionally, defendant objected to Plaintiff's Exhibit 1 on the grounds that "no foundation [had been] laid for that whatsoever." In other words, defendant requests that this Court review the trial court's decisions to admit Plaintiff's Exhibits 1 and 3 on grounds other than those he raised before the trial court. Since "[a] specific objection, if overruled, will be effective only to the extent of the ground specified," *Santora, McKay & Ranieri v. Franklin*, 79 N.C. App. 585, 589, 339 S.E.2d 799, 801-02 (1986) (citing *State v. Jones*, 293 N.C. 413, 238 S.E.2d 482 (1977)), and since defendant's objections at trial "in no way supported [his] assignment[s] of error on appeal" with respect to the admissibility of Plaintiff's Exhibits 1 and 3, *see State v. Francis*, 341 N.C. 156, 160, 459 S.E.2d 269, 271 (1995), we conclude that defendant has not properly preserved his remaining assignments of error for appellate review. *See* N.C.R. App. P. 10(b)(1) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context."). Accordingly, the trial court's order is affirmed.

Affirmed.

Judges CALABRIA and STEELMAN concur.