IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-390

Filed 5 December 2023

Cabarrus County, No. 21CVD99

SHILPA SHAHEEN SINCLAIR, Plaintiff,

v.

GREGORY SCOTT SINCLAIR, Defendant.

Appeal by plaintiff-appellant from order entered 12 October 2021 by Judge Nathaniel M. Knust in District Court, Cabarrus County. Heard in the Court of Appeals 7 February 2023.

> *Arnold & Smith, PLLC, by Ashley A. Crowder, for plaintiff-appellant.*
>
> *Gregory S. Sinclair, pro-se, defendant-appellee.*

STROUD, Chief Judge.

Plaintiff-appellant appeals from the trial court's child support order modifying her child support obligation. Plaintiff-appellant's primary argument is the trial court erred in concluding a substantial change in circumstances had occurred. However, since the trial court did not have subject matter jurisdiction to modify a Virginia child support order, we vacate the child support modification order for lack of subject matter jurisdiction.

## I. Background

Plaintiff-appellant ("Mother") and defendant-appellee ("Father") were married in 2006 in Virginia. The parties had two children, born in 2010 and 2012. On 25 August 2018, the parties began living separate and apart. In August of 2018, Mother was in Okinawa, Japan working for the United States military, and the children were living with Father in Fairfax, Virginia. On or about 22 October 2019, the parties entered into a Property Settlement Agreement ("2019 Agreement"), including terms for visitation, custody, and child support.

On or about 25 November 2019, a final order of divorce was entered in Fairfax County, Virginia ("Virginia Order"). The Virginia Order lists Mother's residential and work address as Okinawa, Japan and Father's residential address as Fairfax, Virginia. The 2019 Agreement was incorporated into the Virginia Order. Relevant terms from the 2019 Agreement incorporated into the Virginia Order include:

> 2. <u>Incorporation of Property Settlement Agreement:</u> The parties executed a Property Settlement Agreement (the "Agreement") on October 22, 2019 (attached hereto as Exhibit A) and the same hereby is affirmed, ratified, and incorporated, but not merged, into this Order as if the same were set forth herein verbatim, pursuant to Virginia Code § 20-109.1 (1950 as amended) and the parties are hereby ordered to comply with all provisions thereof.
>
> 3. <u>Child Support:</u> Pursuant to Paragraph 5 of the Agreement, the parties agree that no direct child support shall be paid by either one, as follows:
>
> > (a) The parties acknowledge their mutual duty to provide support and maintenance for the minor children but agree that there shall be $0.00 in

monthly child support payable from one party to the other. Each party shall pay the living and activity expenses of the children when the children are in their care and custody without contribution from the other parent.

The parties also agreed to provisions regarding custody and visitation, Section 6, in the 2019 Agreement and the Virginia Order also incorporated these provisions, including the following:

6.      CUSTODY AND VISITATION

A.      Custody: Father shall have sole physical and legal custody of the minor children with the children's primary residence being with Father.

B.      Visitation: [Mother] shall have visitation pursuant to the holiday and summer schedule below, as well as when the parties agree based on [Mother]'s travel schedule.

On 11 January 2021, Mother filed a notice of registration of foreign child custody order under North Carolina General Statute Section 50A-305, regarding child custody, in Cabarrus County, North Carolina. Father did not object to the registration, and on 31 March 2021, the order confirming registration of the foreign child custody order was entered. The parties did not raise any issue either before the trial court or on appeal regarding the fact that the order was not registered under North Carolina General Statute Chapter 52C, Uniform Interstate Family Support Act ("UIFSA"), for purposes of modification of child support.

Father filed a motion for modification of child support on 6 May 2021 in Cabarrus County, North Carolina, and served Mother at her mailing address in

Japan. Father alleged that "[d]uring [Mother's] residency abroad, [he] and the minor children relocated from Fairfax County, Virginia to Cabarrus County, North Carolina." The motion also alleged Mother "returned to Fairfax, Virginia in July of 2020." Father testified he moved from Fairfax, Virginia to Harrisburg, North Carolina on 15 August 2020.

Father's motion for modification asserts there has been a substantial change in circumstances warranting modification of child support due to Mother's return from Japan and her subsequent acceptance of another position overseas. Father's evidence tended to show that in 2018 the parties did not anticipate that Mother's work in Japan would be a permanent condition and both parties expected Mother would return to the United States after completion of her contract. But Father contended that upon Mother's most recent acceptance of employment in Japan, her relocation had become permanent.

The trial court rendered its ruling at the close of the hearing, finding there was a substantial change in circumstances since "[Father] now provides full-time care for the minor children on a permanent basis" and "[Father] now incurs work related childcare expenses that he is solely responsible for." On 12 October 2021, the trial court entered a new child support order ("2021 Order") calculating child support based upon Worksheet A of the North Carolina Child Support Guidelines. The 2021 Order modified Mother's child support obligation from $0.00 per month, as set in the Virginia Order, to $777.00 per month. Mother appealed.

## II.    Jurisdiction

We must first address the issue of subject matter jurisdiction of the trial court to modify the Virginia Order.  Although neither party has raised any question regarding subject matter jurisdiction, we raise this issue *sua sponte*.  *See Rinna v. Steven B.,* 201 N.C. App. 532, 537, 687 S.E.2d 496, 500 (2009) ("As this Court recently emphasized, subject matter jurisdiction may not be waived, and this Court has not only the power, but the duty to address the trial court's subject matter jurisdiction on its own motion or *ex mero motu*." (citation omitted)).  Further, the parties cannot create subject matter jurisdiction "by consent, waiver or estoppel, and therefore failure to object to the jurisdiction is immaterial." *Halterman v. Halterman*, 276 N.C. App. 66, 74, 855 S.E.2d 812, 817 (2021) (formatting altered) (quoting *In re T.R.P.*, 360 N.C. 588, 595, 636 S.E.2d 787, 793 (2006)).

### A. Jurisdictional Background

On 11 January 2021, Mother filed a Petition for Registration of Foreign Child Custody Order, (capitalization altered), under North Carolina General Statute Section 50A-305 in Cabarrus County, North Carolina.  *See* N.C. Gen. Stat. § 50A-305 (2021).  Father did not object to the registration, and on 31 March 2021, the District Court, Cabarrus County entered an Order Confirming Registration of Foreign Child Custody Order.  (Capitalization altered.)  But here, the issue is modification of a *child support* order, not child custody, and the Order Confirming Registration of Foreign Child Custody Order did not address child support.  (Capitalization altered).

**B. Registration Requirements for Child Support Orders**

The registration requirements for child custody orders and child support orders issued out-of-state are different. *Compare* N.C. Gen. Stat. § 50A-305 (2021) ("Registration of child-custody determination.") *with* N.C. Gen. Stat. § 52C-6-602 (2021) ("Procedure to register order for enforcement.") *and* N.C. Gen. Stat. § 52C-6-609 ("Procedure to register child support order of another state for modification."). This Court has recognized the differences in registration and modification jurisdiction for out-of-state child support orders, as governed by UIFSA, and the registration and modification of child custody orders, as governed by the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). *See, e.g., Halterman*, 276 N.C. App. at 76, 855 S.E.2d at 818. ("For purposes of child custody, the focus is on the residence of the children, and personal jurisdiction over a parent is not required. For purposes of child support modification and enforcement, the focus is on the residence of the obligor . . . ." (citations omitted)). For example, in *Halterman*, this Court ultimately determined the mother did not properly register an out-of-state child support order since the registration was "in substance and in form a petition to register a foreign custody order . . . not a petition to register" an out-of-state support order. *Id*. at 77-78, 855 S.E.2d at 819. Additionally, our Administrative Office of the Courts has a separate form for registering child support orders as opposed to child custody orders, reflecting the different statutory requirements for registration of each type of order. *See* Form AOC-CV-505, Rev. 5/16 ("Notice of Registration of Foreign

Support Order(s)" (capitalization altered)).

Child support orders issued in another state are registered under North Carolina General Statute Section 52C-6-602, UIFSA. *See* N.C. Gen. Stat. § 52C-6-602 (2021).

> Under UIFSA, a child support order is first entered by the "issuing tribunal" in the "issuing state." N.C. Gen.Stat. § 52C–6–609 (2009) establishes that if an obligee wants to modify an order against an obligor who resides in a different state, the obligee must "register" the order in the state in which the obligor resides. *See* N.C. Gen.Stat. § 52C–6–609 cmt. ("A petitioner wishing to register a support order of another state for purposes of modification must . . . follow the procedure for registration set forth in [N.C. Gen.Stat. § 52C–6–602 (2009),]" which requires registration in "the tribunal for the county in which the obligor resides in this State[.]").

*Crenshaw v. Williams*, 211 N.C. App. 136, 140, 710 S.E.2d 227, 230 (2011) (citing to the 2009 version of Chapter 52C) (citations omitted). North Carolina General Statute Section 52C-6-609 addresses the registration of a child support order issued in another state. Section 52C-6-609 provides,

> A party or support enforcement agency seeking to modify, or to modify and enforce, a child support order issued in another state shall register that order in this State in the same manner provided in G.S. 52C-6-601 through G.S. 52C-6-608 if the order has not been registered.

N.C. Gen. Stat. § 52C-6-609. North Carolina General Statute Section 52C-6-602 sets out the requirements for registration of a child support order:

> (a) Except as otherwise provided in G.S. 52C-7-706, a support order or income-withholding order of another state

or a foreign support order may be registered in this State by sending the following records to the appropriate tribunal in this State:

(1) A letter of transmittal to the tribunal requesting registration and enforcement;

(2) Two copies, including one certified copy, of the order to be registered, including any modification of the order;

(3) A sworn statement by the person requesting registration or a certified statement by the custodian of the records showing the amount of any arrearage;

(4) The name of the obligor and, if known:

a. The obligor's address and social security number;

b. The name and address of the obligor's employer and any other source of income of the obligor; and

c. A description and the location of property of the obligor in this State not exempt from execution; and

(5) Except as otherwise provided in G.S. 52C-3-311, the name and address of the obligee and, if applicable, the person to whom support payments are to be remitted.

N.C. Gen. Stat. § 52C-6-602.

Here, neither party has registered the Virginia Order in North Carolina as an out-of-state child support order; Mother merely filed a "Petition for Registration of Foreign *Child Custody Order*[,]" (emphasis added) (capitalization altered), and the trial court entered an "Order Confirming Registration or Denying Confirmation or

Registration of Foreign *Child Custody Order*[.]" (Emphasis added.) (Capitalization altered.) Thus, the Virginia Order, as to child support, was not properly registered in North Carolina for enforcement or modification purposes.

## C. Jurisdiction for Modification of Out-of-State Child Support Orders

Subject matter jurisdiction for modification of an out-of-state child support order may be established under either North Carolina General Statute Section 52C-6-611 or 52C-6-613. North Carolina does not have jurisdiction to modify the Virginia Order under North Carolina General Statute Section 52C-6-613 because, in part, this applies only if *both* parents reside in North Carolina; however, Mother resides in Japan. *See* N.C. Gen. Stat. § 52C-6-613 ("(a) If all of the parties who are individuals *reside in this State . . . .*" (emphasis added)).

North Carolina General Statute Section 52C-6-611 provides for jurisdiction to modify an out-of-state child support order if Section 52C-6-613 does not apply:

> (a) If G.S. 52C-6-613 does not apply, upon petition, a tribunal of this State may modify a child support order issued in another state which is registered in this State if, after notice and hearing, the tribunal finds that:
>
> (1) The following requirements are met:
>
> a. Neither the child, nor the obligee who is an individual, nor the obligor resides in the issuing state;
> b. A petitioner who is a nonresident of this State seeks modification; and
> c. The respondent is subject to the personal jurisdiction of the tribunal of this State; or

- 9 -

> (2) This State is the residence of the child, or a party who is an individual, is subject to the personal jurisdiction of the tribunal of this State and *all of the parties who are individuals have filed consents in a record in the issuing tribunal for a tribunal of this State to modify the support order and assume continuing, exclusive jurisdiction.*

N.C. Gen Stat. § 52C-6-611 (2021) (emphasis added).

Here, the trial court's findings would not support subject matter jurisdiction to modify under North Carolina General Statute Section 52C-6-611(a) subsection (1) because the party seeking modification – Father – is a resident of North Carolina. In addition, the record does not reveal if the trial court could have jurisdiction under Section 52C-6-611(a)(2). While the trial court found that North Carolina is the residence of the children and Father, there is no indication that "all of the parties who are individuals" – Mother and Father – "have filed consents in a record in the issuing tribunal[,]" Virginia, "for a tribunal of this State to modify the support order and assume continuing, exclusive jurisdiction." *See* N.C. Gen. Stat. § 52C-6-611(a)(2). Therefore, even if the Virginia Order could be considered as registered in North Carolina, the trial court would still not have jurisdiction to modify the child support provisions under North Carolina General Statute Sections 52C-6-611 or 613.

As noted in *Crenshaw*,

> In the overwhelming majority of cases, the party seeking modification must seek that relief in a new forum, almost invariably the

> State of residence of the other party. This rule applies to either obligor or obligee, depending on which of those parties seeks to modify.
>
> This restriction attempts to achieve a rough justice between the parties in the majority of cases by preventing a litigant from choosing to seek modification in a local tribunal to the marked disadvantage of the other party. In short, the obligee is required to register the existing order and seek modification of that order in a State which has personal jurisdiction over the obligor other than the State of the obligee's residence. Most typically this will be the State of residence of the obligor.

N.C. Gen. Stat. § 52C-6-611 cmt (2009). As North Carolina is not the proper forum for modifying the Michigan support order, the trial court lacked the authority to modify that order. *See Lacarrubba v. Lacarrubba*, 202 N.C. App. 532, ___, 688 S.E.2d 769, 773 (2010) (concluding North Carolina court "lacked authority to modify New York child support order or reduce arrearages" where obligee, who resided in Florida, registered foreign order in North Carolina for enforcement only and obligee did not consent to personal jurisdiction in North Carolina).

*Crenshaw*, 211 N.C. App. at 140–41, 710 S.E.2d at 231 (ellipses omitted) (citation omitted); *see also Lacarrubba v. Lacarrubba*, 202 N.C. App. 532, 538, 688 S.E.2d 769, 773 (2010) (noting the strict compliance required by UIFSA, and though the order was registered here, it was for "enforcement only[;]" thus, modification was not allowed).

Accordingly, prior cases from this Court address the different requirements for

registration and modification jurisdiction for child custody orders under the UCCJEA and child support orders under UIFSA. *See, e.g., Halterman*, 276 N.C. App. at 76, 855 S.E.2d at 818. Because the Virginia Order was not registered under UIFSA, the trial court did not have subject matter jurisdiction to modify child support. *See Crenshaw*, 211 N.C. App. at 140, 710 S.E.2d at 230 ("*See* N.C. Gen. Stat. § 52C–6–609 cmt. ('A petitioner wishing to register a support order of another state for purposes of modification must . . . follow the procedure for registration set forth in [N.C. Gen. Stat. § 52C–6–602 (2009),]' which requires registration in 'the tribunal for the county in which the obligor resides in this State[.]'") (alterations in original)).

## III. Conclusion

Because the Virginia Order was not properly registered in North Carolina under UIFSA for purposes of modification of the child support obligation, the trial court did not have subject matter jurisdiction to modify the child support provisions of the Virginia Order.

VACATED.

Judges CARPENTER and THOMPSON concur.